UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SPRINGFIELD DIVISION

CIVIL ACTION NO.

FILED
CLERK'S OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS.

CA 03-30310-KPN

STEVEN A. HALL,
    Plaintiff

v.

MEADWESTVACO CORPORATION,
    Defendant

## COMPLAINT AND JURY CLAIM

### Statement of Jurisdictional Grounds

1. This Court has original jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331. The applicable statute is 29 U.S.C. § 2611 et seq., the Family and Medical Leave Act (hereinafter the Act). A private right of action is granted to the plaintiff by 29 U.S.C. § 2617. To the extent required, the amount in controversy exceeds $75,000 in that the damages claimed include lost wages and benefits. Jurisdiction of plaintiff's state law claims is founded upon the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

### Parties

2. At all times material hereto, plaintiff STEVEN A. HALL resided in Housatonic, Berkshire County, Massachusetts.

3. At all times material hereto the defendant, MeadWestvaco Corporation, was a corporation organized under the laws of Delaware and registered to do business in the Commonwealth of Massachusetts with a usual place of business in South Lee, Berkshire County, Massachusetts.

### Facts

4. From on or about 1978 through and including September 2002, the plaintiff Steven Hall was an employee of the defendant MeadWestvaco Corporation as well as an eligible employee of the defendant as that term is defined in 29 U.S.C. § 2611.

5. From on or before 1978 the defendant MeadWestvaco Corporation was an employer engaged in commerce and subject to the provisions of 29 U.S.C. § 2611 et seq.

6. On or about June 21, 2002, the plaintiff, Stephen Hall was involved in a motor vehicle accident in which he sustained serious personal injuries requiring hospitalization. His injuries constituted a serious health condition that rendered him unable to perform the



01

functions of his position as employee of the defendant within the meaning of 29 U.S.C. § 2612. Due notice and medical verification of the plaintiff's serious medical condition pursuant to the statute was given and the plaintiff was granted up to 12 weeks leave pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2612.

7. Plaintiff duly complied with all requirements of the Act. On or about September 9, 2002, the plaintiff was ready willing and able to return to work with appropriate medical documentation, however the defendant did not allow him to return to work and instead on September 12, 2002 the plaintiff's employment was terminated, in bad faith, without cause, in violation of 29 U.S.C. 2611 et seq, and in violation of public policy.

COUNT I

8. The Plaintiff repeats and reavers each and every paragraph of this Complaint as if expressly rewritten and set forth herein.

9. The defendant's acts and omissions as hereinbefore set forth including but not limited to the defendant's failure to allow the plaintiff to return to work on September 9, 2002 and the defendant's termination of the plaintiff's employment on September 12, 2002, constitute violations of the Family and Medical Leave Act, 29 U.S.C. 2611.

10. Said acts and omissions of the defendant as hereinbefore set forth, including those in violation of 29 U.S.C. 2611 et seq., were taken by the defendant in bad faith and without reasonable grounds to believe the defendant was acting in compliance with the Act, entitling the plaintiff to additional liquidated damages pursuant to 29 U.S.C. § 2617.

11. As a direct and proximate result of the defendant's acts and omissions as hereinbefore set forth, including those in violation of 29 U.S.C. 2611 et seq., the plaintiff has been caused to suffer and continues to suffer actual monetary loss, including but not limited to lost wages, loss of earning capacity, lost benefits, interest, and other monetary loss.

WHEREFOR, the plaintiff demands judgment against the defendant for violation of 29 U.S.C. 2611 et seq., including but not limited to the amount of all monetary loss, present and future, including lost wages, salary, employment benefits and all other lost compensation, loss of earning capacity, as well as liquidated damages in the same amount as provided by 29 U.S.C. 2617(a)(1)(A)(iii), interest, attorneys fees and costs as provided by law and the Act, and for such other relief, legal and equitable, including but not limited to reinstatement, as the Court may deem just and appropriate.

COUNT II

12. The Plaintiff repeats and reavers each and every paragraph of this Complaint as if expressly rewritten and set forth herein.

13. In terminating the employment of the plaintiff as hereinbefore set forth, the defendant breached its employment contract with the plaintiff, including but not limited to the covenant of good faith and fair dealing inherent in all contracts of employment in this Commonwealth.

14. As a direct and proximate result of the defendant's breach of contract including the covenant of good faith and fair dealing, the plaintiff has been caused to suffer and continues to suffer actual monetary loss, including but not limited to lost wages, loss of earning capacity, lost benefits, interest, and other monetary loss, as well as significant emotional distress.

WHEREFOR, the plaintiff demands judgment against the defendant including but not limited to the amount of all present and future lost wages, salary, employment benefits and all other lost compensation, loss of earning capacity, interest, attorneys fees and costs as provided by law, compensation for emotional distress, and for such other relief, legal and equitable, including but not limited to reinstatement, as the Court may deem just and appropriate.

COUNT III

15. The Plaintiff repeats and reavers each and every paragraph of this complaint as if expressly rewritten and set forth herein.

16. The defendant's termination of the employment of the plaintiff as hereinbefore set forth violated principles of established public policy of the Commonwealth in that the plaintiff was terminated while and for exercising his statutory rights pursuant to the Act.

17. As a direct and proximate result of the defendant's termination of the plaintiff's employment in violation of public policy the plaintiff has been caused to suffer and continues to suffer actual monetary loss, including but not limited to present and future lost wages, loss of earning capacity, lost benefits, interest, and other monetary loss, as well as significant emotional distress.

WHEREFOR, the plaintiff demands judgment against the defendant including but not limited to the amount of all lost wages, salary, and employment benefits, present and future, and all other lost compensation, interest, attorneys fees and costs as provided by law, compensation for emotional distress, and for such other relief, legal and equitable, including but not limited to reinstatement, as the Court may deem just and appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS SO TRIABLE

                                        The Plaintiff,
                                        By his attorney,

/s/ T. Mark Herlihy
_____
T. Mark Herlihy (BBO #231530)
HERLIHY, THURSBY, & HERLIHY, LLP
133 Federal Street
Boston, Massachusetts 02110
(617) 426-6100

4