*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

| | |
|---|---|
| STEVEN A. HALL,<br><br>        Plaintiff,<br><br>vs.<br><br>MEADWESTVACO CORPORATION,<br><br>        Defendant. | CIVIL ACTION NO. 03-30310-KPN<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS II AND III** |

### I. Introduction

The Plaintiff has brought a three count complaint based upon his termination by his former employer, Defendant, MeadWestvaco. Plaintiff's factual allegations assert that he was discharged, rather than allowed to return to work, following a leave of absence precipitated by injuries sustained in a motorcycle accident. (Complaint ¶¶ 4-7) Count I alleges that the failure to allow Plaintiff to return to work, and his termination, violated the Family and Medical Leave Act ("the FMLA") 29 U.S.C. §2601 et. seq. Count I is not subject to this Motion to Dismiss.

Count II, based on the same facts, alleges a breach of the implied covenant of good faith and fair dealing. Count III alleges that Plaintiff's discharge is in violation of "public policy." Defendant submits that Count II and Count III fail to state a claim upon which relief may be granted.

1

## II.  Argument

### A.  The "Implied Covenant" Claim Fails to State A Claim

Count II of the Complaint alleges that the Defendant breached the implied covenant of good faith and fair dealing, which according to Plaintiff, is "inherent in all contracts of employment in this Commonwealth".  While the duty may exist in all contracts, respectfully, it is limited.  Thus, the implied covenant does not equate to a generalized duty to treat employees fairly.  Rather, Massachusetts courts have recognized that an employer's need for "wide latitude in deciding whom it will employ, Fortune v. National Cash Register Co., 373 Mass. 96, 102, 364 N.E.2d 1251 (1977), is not outweighed by any general concept of employee job security."  *See,* Cort v. Bristol-Myers Co., 385 Mass. 300, 305-306, 431 N.E.2d 908 (1982)."  Ourfalian v. Aro Mfg. Co., Inc., 31 Mass. App. Ct. 294, 577 N.E.2d 6, 8 (1991).  Accordingly, as interpreted by the Commonwealth, the implied covenant is only applicable when employees are terminated to deny them the moneys and benefits reasonably related to past services rendered, such as commissions or the like.[1]

Thus, the breach of implied covenant of good faith concept was first recognized in Fortune v. National Cash Register Co., 373 Mass. 96 (1977), which held that in every at-will employment relationship there exists a "covenant of good faith and fair dealing" that is violated when an employer terminates an at-will employee in order to avoid payment to the employee of compensation earned.  Fortune, 373 Mass. at 105.  Essentially, an employer "may not discharge an employee in order to . . . reap for itself financial benefits due [the] employee."  Maddaloni v. Western Mass. Bus Lines Inc., 386

---

[1]The covenant of good faith and fair dealing has also been applied to deal with terminations that violate public policy.  Since that has been set forth as a separate claim (Count

Mass. 877 (1982) (citation omitted).  Thus, an employer's obligation of good faith and fair dealing imposes liability for the loss of compensation clearly related to an employee's past service when that employee is discharged without good cause.  Gram v. Liberty Mut. Ins. Co., 384 Mass. 659 (1981).  Following Fortune, courts have refused to broaden the breach of implied covenant of the good faith and fair dealing concept beyond circumstances in which an employer terminates an at-will employee without cause and as a consequence of the termination retains compensation due the employee for past services.  *See, e.g.,* Masso v. United Parcel Serv. of Am., Inc., 884 F. Supp. 610, 614-615 (D.Mass. 1995).  Courts have consistently dismissed or granted summary judgment for employers on claims for breach of the implied contract of good faith and fair dealing where employees did not allege that they were owed compensation for past services.  Coll v. PB Diagnostic Sys., 50 F.3d 1115, 1125 (1st Cir. 1995); Whelan v. Intergraph Corp., 889 F. Supp. 15, 19 (D.Mass. 1995); St. Arnaud v. Chapdelaine Truck Center, Inc., 836 F. Supp. 41 (D.Mass. 1993); Bergeson v. Franchi, 783 F. Supp. 713 (D.Mass. 1992); Blank v. Chelmsford Ob/Gyn, 420 Mass. 404, 408 (1995); Tenedios v. Wm. Filene's Sons Co., Inc., 20 Mass. App. Ct. 252, 254 (1985).  There is no such allegation here, and none can be made in good faith.

      Moreover, and directly on point here, in Federici v. Mansfield Credit Union, 399 Mass. 592, 506 N.E.2d 115 (1987), the Supreme Judicial Court concluded that, in alleging that she was terminated from her employment with the defendant due to her disability, the plaintiff had not stated a common law cause of action for discharge in violation of the implied covenant of good faith and fair dealing and public policy.  The Court made it clear that the statutory remedies would govern the case exclusively.

---

III) it will be addressed separately below.

Absent allegations that this employee was terminated and denied moneys for services already performed, Count II fails to state a claim upon which relief can be granted.

### B. The "Public Policy Claim" Fails to State A Cause of Action.

Count III of the Complaint purports to base its claim for violation of public policy on the Plaintiff's exercise of statutory rights, *i.e.*, the right to take a leave of absence under the FMLA[2]. Of course the FMLA itself precludes termination of an individual because they have exercised their rights under the FMLA, and that is the subject of Count I. *See, e.g.,* Watkins v. J&S Oil Company, Inc., 164 F.3d 55, 59 (1st Cir. 1998). However, there is, in Massachusetts, no independent cause of action for a discharge in violation of public policy where, as here, that policy contains its own enforcement mechanism.

Thus, in very limited circumstances, Massachusetts courts have allowed a cause of action for a discharge that is in violation of some important, well-established public policy. Wright v. Shriners Hosp. for Crippled Children, 412 Mass. 469, 472 (1992). However, the Massachusetts courts have repeatedly restricted the utilization of the public policy exception to situations where at-will employees are "terminated contrary to a well-defined public policy." Wright, 412 Mass. at 472. This includes, "asserting a legally guaranteed right (*e.g.*, filing a workers' compensation claim), for doing what the law requires (*e.g.*, serving on a jury) or for refusing to do that which the law forbids (*e.g.*, committing perjury)." Smith-Pfeffer v. Fernald State School, 404 Mass. 145, 533 N.E.2d 1368, 1371 (1989). In limited circumstances, the SJC has permitted redress for employees terminated for performing important public deeds, even though the law does

---

[2]As earlier noted, the Supreme Judicial Court, in Federici v. Mansfield Credit Union, 399 Mass. 592, 506 N.E.2d 115 (1987), found that there was no common law cause of action for

not absolutely require the performance of such a deed.  Flesner v. Technical Communications Corp., 410 Mass. 805, 810-11, 575 N.E.2d 1107 (1991) (cooperating with a government investigation).  On the other hand, "the public policy exception does not extend to protect employees who perform "appropriate, socially desirable duties" from being subject to discharge without cause.  Wright v. Shriners Hosp. for Crippled Children, 412 Mass. 469, 474, 589 N.E.2d 1241, 1245 (1992); Cullen v. E.H. Friedrich Co., Inc., 910 F. Supp. 815, 821 (D.Mass. 1995).  King v. Driscoll, 418 Mass. 576, 638 N.E.2d 488, 492, 494 (1994) (*quoting*, Smith-Pfeffer, 533 N.E.2d at 1371); Mistishen v. Falcone Piano Co., Inc., 36 Mass. App. Ct. 243, 630 N.E.2d 294, 296 (1994).  Korb v. Raytheon Corp., 410 Mass. 581, 574 N.E.2d 370 (1991).  Even an employee allegedly fired for refusing to go to religious indoctrination did not state a viable claim.  Kolodziej v. Smith, 412 Mass. 215, 588 N.E.2d 634, 638 (1992).

  While Plaintiff seeks to come within this narrow window by saying he was discharged for exercising his statutory rights, it has long been held that the public policy exception is not applicable when the public policy is already protected by the remedial statute that creates the policy.  Mello v. Stop & Shop Cos., Inc., 524 N.E.2d 105, 402 Mass. 555 (1988).  Massachusetts courts have not allowed the circumvention of those remedial statutes to permit an employee to proceed on a claim alleging a violation of public policy.  Ourfalian v. Aro Mfg. Co., Inc., 577 N.E.2d 6, 8, 31 Mass. App. Ct. 294 (1991) (concluding that creating common law actions based on policies expressed in remedial statutes would impermissibly interfere with their schemes); *see, also*, Magerer v. John Sexton, Inc., 912 F.2d 525, 531-32 (1st Cir. 1990) (holding no wrongful discharge claim based on retaliation for filing workers' compensation claim because

---

discharge in violation of public policy for the discharge of an injured employee.

adequate statutory remedy available to vindicate plaintiff's rights); Melley v. Gillette Corp., 19 Mass. App. Ct. 511, 513 (1985), *aff'd*, 397 Mass. 1004, 491 N.E.2d 252 (1986) (wrongful discharge age bias claim precluded by remedies in M.G.L. Ch. 151B). Thus, even if Plaintiff were terminated due to his use of FMLA leave, his sole recourse is through that statute, not the implied covenant of good faith and fair dealing or wrongful discharge in violation of public policy.  Cf.  Reidy v. Travelers Ins. Co., 928 F. Supp. 98, (D.Mass.), *aff'd* unpublished disposition, 107 F.3d 1, *cert. denied*, 522 U.S. 809 (1997).  Accord, Ruffino v. State Street Bank and Trust Co., 908 F. Supp. 1019, 1052-1053 (1995); Crews v. Memorex Corp., 588 F. Supp. 27 (D.Mass.1984). The Plaintiff, if he was fired for exercising his statutory rights to take FMLA leave, has a statutory remedy available, and in fact being pursued.  There is no basis for allowing a duplicate common law remedy under Massachusetts law.

### IV.  CONCLUSION

Since public policy (other than the statutory claim) is not implicated, and Plaintiff has not alleged that he was terminated to deny him payments already earned, his claim under the implied covenant claim and wrongful discharge in violation of public policy fail to state a cause of action upon which relief may be granted and should be dismissed.

Respectfully Submitted,

  /s/ Jay M. Presser
Jay M. Presser, Esq.
BBO #405760
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts   01144
Dated:   March 5, 2004                    Tel.: (413) 737-4753/Fax: (413) 787-1941

CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing *Defendant's Memorandum in Support of Motion to Dismiss Counts II and III* was served upon the attorney of record for each other party via electronic filing and by first-class, U.S. mail, postage prepaid, on March 5, 2004.

                                    /s/ Jay M. Presser
                                    Jay M. Presser, Esq.