UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN A. HALL,

        Plaintiff,

vs.

MEADWESTVACO CORPORATION,

        Defendant.

CIVIL ACTION NO. 03-30310-KPN

**ANSWER**

**FIRST ANSWER**

NOW COMES MEADWESTVACO CORPORATION, Defendant in the above-captioned matter, and pursuant to the Federal Rules of Civil Procedure Answers the Complaint in this matter as follows:

<u>Jurisdiction</u>

1. The allegations of Paragraph 1, to the extent it alleges that this court has jurisdiction pursuant to the Family Medical Leave Act ("FMLA") are admitted.

<u>Parties</u>

2. Defendant, on information and belief, admits the allegations of Paragraph 2.

3. Defendant admits the allegations of Paragraph 3.

<u>Facts</u>

4. Defendant denies the allegations of Paragraph 4 as written. Further answering, Defendant admits that at all times relevant to this action Plaintiff was an eligible employee as that term is defined by the FMLA.

5. Defendant denies the allegations of Paragraph 5 as written. Further answering, Defendant admits that at all times relevant to this action it was an employer engaged in commerce and an employer subject to the FMLA.

6. Defendant denies the allegations of Paragraph 6 as written. Further answering, Defendant admits, on information and belief, that Plaintiff was involved in a motorcycle accident and that as a result he suffered from a serious health condition as that term is defined by the FMLA.

7. Defendant denies the allegations of Paragraph 7 as written. Further answering, Defendant admits to the factual allegation that it terminated the Plaintiff on or about September 12, 2003, and that as a result he was not allowed to return to work after having been on FMLA leave.

## Count I

8. Defendant incorporates its answers to Paragraphs 1-7 above as if fully set forth above.

9. Defendant denies the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10.

11. Defendant denies the allegations of Paragraph 11.

## Counts II and III

Counts II and III having been dismissed by the court, no responsive pleading is necessary.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each of the claims for relief therein fail to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Under the FMLA Plaintiff was not entitled to job restoration in that Plaintiff would not otherwise have been employed even if he had not been on FMLA leave.  Plaintiff was terminated for collecting disability benefits based on a fraudulent claim that he was unable to work at a time he was fully capable of performing his employment responsibilities for Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is no longer employed with Defendant due to legitimate, nondiscriminatory business reasons unrelated to his taking an FMLA leave.

## FOURTH AFFIRMATIVE DEFENSE

Defendant, at all pertinent times herein, acted in good faith and had reasonable grounds for believing that its actions or omissions did not violate the FMLA.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages, has failed to exercise reasonable diligence in seeking comparable employment, and thus is barred from collecting backpay, benefits, and other damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to loss of earning capacity, consequential or compensatory damages under the FMLA.

WHEREFORE, Defendant respectfully requests:

1. That this Court dismiss Plaintiff's Complaint in its entirety;

2. That Defendant be awarded its attorneys' fees associated with defending this action; and

3. That the Court award Defendant any other relief deemed appropriate.

Respectfully Submitted,

/s/ Jay M. Presser
Jay M. Presser, Esq.
BBO #405760
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Dated:  March 30, 2004                Tel. (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Answer* was served upon the attorney of record for each other party via electronic filing and by first-class, U.S. mail, postage prepaid, on March 30, 2004.

/s/ Jay M. Presser
Jay M. Presser, Esq.