UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN A. HALL,<br><br>                    Plaintiff,<br><br>vs.<br><br>MEADWESTVACO CORPORATION,<br><br>                    Defendant. | CIVIL ACTION NO. 03-30310-KPN<br><br>**MOTION IN LIMINE TO PRECLUDE TESTIMONY REGARDING WAGES LOST FOLLOWING UNCONDITIONAL OFFER OF REINSTATEMENT** |

## I. Introduction

The Plaintiff, Steven A. Hall's, claim stems from his termination by his former employer, Defendant, MeadWestvaco. It alleges that the failure to allow Plaintiff to return to work, and his termination, violated the Family and Medical Leave Act ("the FMLA"), 29 U.S.C. §2601 et. seq. Defendant has admitted that it terminated the Plaintiff on or about September 12, 2003, and that as a result he was not allowed to return to work after having been on FMLA leave. It contends, however, that it had legally sufficient basis for the termination and that it did not, therefore, violate the FMLA.[1] (*See*, Answer at ¶ 7)

Plaintiff seeks both backpay and front pay several years into the future. With this Motion Defendant seeks to prohibit all testimony, questioning, evidence or references as to any and all alleged damages suffered by Plaintiff following his refusal to accept an unconditional offer of reinstatement in December 2004. Defendant submits, as noted below, that under clear Supreme Court precedent, a putative victim of discrimination

---

[1] Specifically, Defendant contends that Plaintiff was observed performing duties for another employer while receiving disability benefits based on a claim of total disability; and that the duties he was asked to perform for Defendant were less demanding than those he was observed performing.

who turns down an unconditional offer of reemployment is not entitled to any damages following the rejection of that offer.  <u>Ford Motor Co. v. EEOC</u>, 458 U.S. 219 (1982).

In support of this Motion Defendant submits the following:

1. By letter dated December 15, 2004, the Defendant tendered an unconditional offer of reemployment.  Thus, by letter attached as Exhibit 1 to this Motion, the Defendant, through counsel, wrote the following:

    > *This letter, written on behalf of my client MeadWestvaco, is for the express purpose of tendering to your client, Steven A. Hall, an unconditional offer of reinstatement to his former position.  Please forward the offer to Mr. Hall. If accepted by your client, Mr. Hall may return to work at the same facility, in the same position he previously held, working the same C-shift he previously worked and reporting to his former supervisor, John Montgomery.  His rate of pay will be the same as the wages paid to the other employees performing the same work. A brief reorientation/retraining period may be required.*
    >
    > *The offer is made without any admission of liability, and it expressly does not require that your client abandon any claims that he has pending in the instant legal action.*
    >
    > *Please inform me by the end of the month whether your client wishes to accept this unconditional offer of reinstatement.  If he accepts, the Company would expect him to resume employment no later than January 15, 2005.  If there is any unusual reason why Mr. Hall cannot respond to this offer by December 31, 2004, please advise me as soon as possible.  If we do not hear a response by the end of this month, we will assume that this unconditional offer of reinstatement has been rejected.*

2. Plaintiff, through counsel, responded by letter attached hereto as Exhibit 2.  That letter, expressed a concern that Plaintiff could be subsequently terminated after acceptance of the unconditional offer.  It also noted that prior settlement discussions had rejected the possibility of reinstatement.

2

3. Defendant, through counsel, responded to the Plaintiff's expressed concerns by letter dated December 23, 2004 by faxing and mailing Exhibit 3. The response indicated:

> *I am in receipt of your letter dated December 22, 2004, responding to the unconditional offer of reinstatement offered to your client.*
>
> *Let me begin by noting that any discussions we had regarding potentially settling this dispute were just that, offers of settlement. While I recognize that the December 15, 2004 letter differs from our settlement discussions, the offer conveyed in the December 15, 2004 letter reflects a bona fide and unconditional offer to allow Mr. Hall to return to work. It is not an offer of settlement as the case can, of course, proceed, notwithstanding any acceptance of the offer.*
>
> *I can also indicate to you that to the extent Mr. Hall believes that if he returns to work the company will fire him again, these beliefs are unjustified. Mr. Hall worked for the company for an extended period of time prior to his termination. While you contend that his termination was unlawful, and that claim may ultimately be determined by a jury, it is clear that his termination was precipitated by certain events that, in all likelihood, would not be repeated should he return to employment with MeadWestvaco.*
>
> *Obviously, there can be no blanket guarantees that Mr. Hall would never be terminated, since, as with any employee, continuing employment depends on factors within the employee's, as well as the employer's control. However, I can indicate that my client has not made this offer with any current intention to discharge him should he choose to return. Moreover, as your letter reflects, Mr. Hall would have some continuing protections under the law should he choose to return and subsequently be terminated. Thus, I would respectfully indicate that a refusal to return to work based on a belief that he would be terminated is unsupported and unjustified.*
>
> *The offer made in the initial letter of December 15 remains open. I look forward to hearing from you.*

Plaintiff did not accept the unconditional offer.

## II.  Argument

3

As the Supreme Court has noted, "… the cause of action under the FMLA is a restricted one: The damages recoverable are strictly defined and measured by actual monetary losses, §§ 2617(a)(1)(A)(i)-(iii), and the accrual period for backpay is limited by the Act's 2-year statute of limitations (extended to three years only for willful violations), §§ 2617(c)(1) and (2)". <u>Nevada Dept. of Human Resources v. Hibbs,</u> 538 U.S. 721, 740, 123 S. Ct. 1972, 1984 (2003).

As a general rule, victims of employment discrimination are generally entitled to back pay, minus money that the employee has, or should have, earned. <u>Johnson v. Spencer Press of Maine</u>, 364 F.2d 368, 379, 380 (1st Cir. 2004). Referencing the latter, the First Circuit has noted,

> During the back pay period, individuals have an obligation to exercise "reasonable diligence" in finding alternative suitable employment. *See*, 42 U.S.C. § 2000e-5(g)(1); <u>Ford Motor Co. v. EEOC</u>, 458 U.S. 219, 231-32, 102 S. Ct. 3057, 73 L.Ed.2d 721 (1982) (an "unemployed or underemployed claimant, like all other Title VII claimants, is subject to the statutory duty to minimize damages set out in" 42 U.S.C. § 2000e-5(g)(1)); <u>Carey v. Mt. Desert Island Hosp.</u>, 156 F.3d 31, 41 (1st Cir. 1998). Thus, awards of back pay are offset by any wages that could have been earned with reasonable diligence after the illegal discharge, regardless of whether they were actually earned. *See*, § 2000e-5(g)(1); <u>Quinones Candelario v. Postmaster Gen. of United States</u>, 906 F.2d 798, 799-802 (1st Cir. 1990). Failures to mitigate damages can take a variety of forms, including not looking for new employment, *see, e.g.,* <u>Hansard v. Pepsi-Cola Metro. Bottling Co.</u>, 865 F.2d 1461, 1468 (5th Cir. 1989), finding new employment but voluntarily quitting, *see, e.g.*, <u>EEOC v. Delight Wholesale Co.</u>, 973 F.2d 664, 670 (8th Cir. 1992), or…finding new employment and getting discharged for misconduct, *see, e.g.*, <u>Brady v. Thurston Motor Lines, Inc.</u>, 753 F.2d 1269, 1277 (4th Cir. 1985).

In contrast to back pay awards, however, "[a]wards of front pay, by contrast, are generally entrusted to the district judge's discretion and are available in a more limited set of circumstances than back pay. *See*, <u>Lussier v. Runyon</u>, 50 F.3d 1103, 1108-09

4

(1st Cir. 1995). Front pay should not be awarded unless reinstatement is impracticable or impossible. Wildman v. Lerner Stores Corp., 771 F.2d 605, 616 (1st Cir. 1985). Even then, awards of front pay are discretionary, in part because they necessarily involve predictions of events yet to come." Johnson v. Spencer Press of Maine, 364 F.3d 368, 380 (1st Cir. 2004).

In the instant case, Plaintiff's failure to accept an unconditional offer of reinstatement in December 2004 precludes backpay accrued after his rejection, as well as any claim to front pay. Thus, in Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32 (1982), the United States Supreme Court applied the duty to mitigate damages to circumstances where the Defendant itself makes an unconditional offer of reinstatement to the Plaintiff pursuing a claim of discrimination. After observing that the primary goal of Title VII is to end discrimination, and that "the victims of job discrimination want jobs, not lawsuits" "the Court held that 'absent special circumstances, the rejection of an employer's unconditional job offer ends the accrual of potential backpay liability,' and that an employer's failure to include in the offer retroactive seniority or back pay does not make the offer unconditional and is not a special circumstance justifying rejection." Costa v. Markey, 706 F.2d 1, 7 (1st Cir. 1982) (citations omitted).

As a result of that decision, "[a]n employee's rejection of an employer's unconditional job offer does end the accrual of the employer's potential back pay liability, absent special circumstances." Hogan v. Bangor and Aroostook R. Co., 61 F.3d 1034, 1038 (1st Cir. 1995). *Accord*, Morris v. American National Can Corporation, 952 F.2d 200, 202 (8th Cir. 1991); Fiedler v. Indianhead Touch Line, Inc., 670 F.2d 806, 808-09 (8th Cir. 1982) (an employee's refusal of employer's good faith offer of

5

reinstatement terminates accrual of damages); Cowan v. Standard Brands, Inc., 572 F. Supp. 1576 (N.D. Al. S.D. 1983) (an employer can cut off all claims of a terminated employee for back pay by unconditionally offering the employee a job comparable to the job from which he was terminated, *citing*, Ford Motor Co.).

    The Ford Motor Co. principles have been applied equally to employment statutes other than Title VII.  Crews v. Memorex Corp., 677 F. Supp. 63, 65 (D. Mass., 1987) ("An employer charged with discrimination in hiring under Title VII of the Civil Rights Act of 1964 can toll its back pay liability by offering the applicant substantially equivalent employment.  Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32, 102 S. Ct. 3057, 3065-66, 73 L.Ed.2d 721 (1982).  The rationale of Ford Motor is equally applicable to suits brought under the ADEA." (*citing*, Giandonato v. Sybron Corp., 804 F.2d 120, 123-24 (10th Cir. 1986), and cases cited.)

    Moreover, the concern expressed as a reason for not accepting the offer, that he might subsequently be terminated, is not, as a matter of law, sufficient to allow accrual of damages after an unconditional offer of reemployment is tendered and rejected.  *See, e.g.*, Brady v. Nestor, 398 Mass. 184, 189 (1986) (where after adopting Ford Motor Company for M.G.L. Ch. 151B cases the Supreme Judicial Court expressly adopted in Ch. 151B that "[a] simple showing that the employee fears further discrimination, without evidence of circumstances making that fear reasonable, does not satisfy the Ford Motor Co. v. EEOC rule.").  *See, also,* Cowan, 572 F. Supp. At 1581, (an employee cannot refuse an offer of reinstatement because his feelings were hurt or because he did not feel the offer was bona fide and thereby void the holding in Ford Motor Co.); Fiedler,

6

670 F.2d at 808-09 (an employee cannot refuse an offer of reinstatement for the personal reasons that he desired to have the EEOC investigation continue, that he was traumatized by the death of his wife, and that he did not wish to forego his new job).

Nor can the Plaintiff's apparent decision to remain in an electrician training program he enrolled in following his termination justify rejecting an offer of reinstatement, at least to the extent that it constitutes a "special circumstance" that would allow recovery of damages for a period following the rejection of an unconditional offer of employment. Thus, in <u>Miller v. AT&T Corporation</u>, 83 F. Supp.2d 700 (SD W.Va. 2001) *aff'd* 250 F.3d 820 (4th Cir. 2001), the Plaintiff employee was terminated in violation of the FMLA, and sought front pay rather than reinstatement since, in the interim, she had obtained additional schooling and was no longer interested in working for her former employer, preferring to pursue the opportunities to work in a hospital, an opportunity afforded by her additional schooling. The court declined to award front pay under such circumstances. In doing so, the district court judge, in language equally applicable to a decision to become an electrician, noted:

> Miller argues that her career goals have recently changed since returning to school and as a result, reinstatement is now inappropriate.
>
> Miller is certainly entitled to a change of career. However, her new career and lifestyle choice should not be subsidized by AT&T. A successful FMLA plaintiff cannot simply reevaluate her career goals, accept a lesser paying job, and receive the same amount of compensation as before through front pay. The possibilities for abuse are patent and the Court finds that front pay is not appropriate in such circumstances.

<u>Id</u>. at 708-709. For the same reasons, while Plaintiff may be personally entitled to reject the unconditional offer of reinstatement to the mill, he is clearly entitled to continue to

7

pursue his electrician's license[2]. However, under the principles so clearly set forth in Ford Motor Company, he cannot expect that such a decision to be subsidized by an employer that has already made an unconditional offer of reinstatement identical, in every way, to the position Plaintiff previously held. Plaintiff's rejection of an unconditional offer of reinstatement to his former position precludes the recovery of any damages from that date forward, and hence such evidence should not be presented to the jury.

---

[2]Defendant submits that Plaintiff's decision to enter into the electrician's program, with lesser earnings than he may have earned if he had sought comparable employment in another mill, is a basis for reducing the amount of backpay for the period prior to the unconditional offer. *See, e.g.,* Taylor v. Safeway Stores, Inc., 524 F.2d 263, 268 (10th Cir. 1975) ("[W]hen an employee opts to attend school, curtailing present earning capacity in order to reap greater future earnings, a back pay award for the period while attending school ... would be like receiving a double benefit"); *see, also,* Floca v. Homecare Health Services, Inc., 845 F.2d 108, 113 (5th Cir. 1988) ("The time a person spends in school learning a new career is an investment for which future benefits are expected. The student is compensated for the time in school by the opportunity for future earnings in the new career and thus suffers no damages during that period"); Miller v. Marsh, 766 F.2d 490, 492 (11th Cir. 1985); Washington v. The Kroger Co., 671 F.2d 1072, 1079 (8th Cir. 1982). Those trial questions are not subject of this motion, since unlike the unconditional offer to return to work, the existence of comparable positions remains a question of fact.

Respectfully submitted,

/s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO No. 405760
Counsel for Defendants
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Dated:   February 23, 2005     Tel. (413) 737-4753/Fax (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Motion in Limine to Preclude Testimony Regarding Wages Lost Following Unconditional Offer of Reinstatement* was filed electronically and served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, on February 23, 2005.

/s/ Jay M. Presser, Esq.

F:\OFFICE DOCUMENTS\DATA\MEADWESTVACO\HALL, STEVEN A\TRIAL\MOTION IN LIMINE ON DAMAGES.DOC