# EXHIBIT 1

Case 3:03-cv-30310-KPN    Document 21-2    Filed 02/23/2005    Page 1 of 9

# SKOLER, ABBOTT & PRESSER, P.C.
*Exclusively Representing Management in Labor and Employment Law*

**Jay M. Presser**
JayPresser@skoler-abbott.com

December 15, 2004

**VIA FASCIMILE AND CERTIFIED MAIL**

T. Mark Herlihy, Esq.
Herlihy, Thursby and Herlihy, LLP
133 Federal Street
Boston, MA   02110

                                                  RE:   Steven A. Hall
                                                       vs.
                                                       MeadWestvaco Corporation
                                                       <u>Civil Action No. 03-30310-KPN</u>

Dear Attorney Herlihy:

      This letter, written on behalf of my client MeadWestvaco, is for the express purpose of tendering to your client, Steven A. Hall, an unconditional offer of reinstatement to his former position.  Please forward the offer to Mr. Hall.  If accepted by your client, Mr. Hall may return to work at the same facility, in the same position he previously held, working the same C-shift he previously worked and reporting to his former supervisor, John Montgomery.  His rate of pay will be the same as the wages paid to the other employees performing the same work.  A brief reorientation/retraining period may be required.

      The offer is made without any admission of liability, and it expressly does not require that your client abandon any claims that he has pending in the instant legal action.

      Please inform me by the end of the month whether your client wishes to accept this unconditional offer of reinstatement.  If he accepts, the Company would expect him to resume employment no later than January 15, 2005.  If there is any unusual reason why Mr. Hall cannot respond to this offer by December 31, 2004, please advise me as soon as possible.  If we do not hear a response by the end of this month, we will assume that this unconditional offer of reinstatement has been rejected.

T. Mark Herlihy, Esq.                -2-                December 15, 2004

Thank you. I look forward to hearing from you.

Very truly yours,

Jay M. Presser

JMP:amm

cc: MeadWestvaco Corporation

# EXHIBIT 2

**HERLIHY, THURSBY AND HERLIHY, LLP**

COUNSELLORS AT LAW

133 FEDERAL STREET

BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 426-6100

FAX (617) 482-0288

JOHN J. C. HERLIHY
(1927-2003)

KAREN M. THURSBY
T. MARK HERLIHY

JAMES J. WALSH
NANCY J. CAMPANY
ELLEN M. HERLIHY

December 22, 2004

DEC 2 7 2004

**VIA FACSIMILE AND U.S. MAIL**
Jay M. Presser, Esq.
SKOLER, ABBOTT & PRESSER, P.C.
One Monarch Place, Suite 2000
Springfield, MA 01144

Re:   Steven A. Hall v. MeadWestvaco Corportation
      USDCT CIV. ACTION NO. 03-30310-KPN

Dear Jay:

Please accept this as a response to yours of December 15, 2004.

As even a cursory review of your file will confirm, reinstatement has been what my client has wanted from the very beginning. It was requested by Mr. Hall through my letter of January 21, 2003, to David Reinhart and in the Complaint. It has been your client's steadfast position, until December 15 at least, that reinstatement was simply not an option. I am sure you recall our initial conversations when the subject of settlement was first broached, you informed me that MeadWestvaco would only be interested in settlement if Mr. Hall dropped his demand of re-instatement. Your recent letter of December 2, 2004 reiterates the company's position that any settlement would have to include a "no reemployment agreement." Taking your client at its word that it would not, under _any_ circumstances, reinstate him, Steven has conscientiously and responsibly undertook to re-educate himself and embark on a new career as an electrician. Now, TWO YEARS after being summarily and wrongfully deprived of his livelihood, Steven has completed 200 of the 600 class hours and 3000 of the 8000 apprentice hours required to obtain his electrician license. Despite this, he would dearly love to be able to rewind the clock to September 2002 and to have his position and life restored to the way it had been. Unfortunately, events over the last two years as well as the company's statements (see e.g., letter of December 15, 2004) have made it clear that the company really has no intention of treating him fairly and impartially. He is rightfully convinced that if he leaves his current situation and returns to work at MeadWestvaco no longer on FMLA leave, the company will again fire him, leaving him again with claims against the company but no job. He doesn't want to go through that again now that he invested so much time and effort into his new

HERLIHY, THURSBY AND HERLIHY, LLP

Jay M. Presser, Esq.
December 22, 2004
Page Two

opportunity. Indeed, on the facts one has to wonder about the timing of this reinstatement offer.

Very truly yours,

*T. Mark Herlihy*
T. Mark Herlihy

# EXHIBIT 3



# SKOLER, ABBOTT & PRESSER, P.C.
*Exclusively Representing Management in Labor and Employment Law*

**Jay M. Presser**
JayPresser@skoler-abbott.com

December 23, 2004

**VIA FASCIMILE AND CERTIFIED MAIL**

T. Mark Herlihy, Esq.
Herlihy, Thursby and Herlihy, LLP
133 Federal Street
Boston, MA  02110

RE: Steven A. Hall
vs.
MeadWestvaco Corporation
<u>Civil Action No. 03-30310-KPN</u>

Dear Mark:

    I am in receipt of your letter dated December 22, 2004, responding to the unconditional offer of reinstatement offered to your client.

    Let me begin by noting that any discussions we had regarding potentially settling this dispute were just that, offers of settlement. While I recognize that the December 15, 2004 letter differs from our settlement discussions, the offer conveyed in the December 15, 2004 letter reflects a *bona fide* and unconditional offer to allow Mr. Hall to return to work. It is not an offer of settlement as the case can, of course, proceed, notwithstanding any acceptance of the offer.

    I can also indicate to you that to the extent Mr. Hall believes that if he returns to work the company will fire him again, these beliefs are unjustified. Mr. Hall worked for the company for an extended period of time prior to his termination. While you contend that his termination was unlawful, and that claim may ultimately be determined by a jury, it is clear that his termination was precipitated by certain events that, in all likelihood, would not be repeated should he return to employment with MeadWestvaco.

    Obviously, there can be no blanket guarantees that Mr. Hall would never be terminated, since, as with any employee, continuing employment depends on factors within the employee's, as well as the employer's control. However, I can indicate that my client has not made this offer with any current intention to discharge him should he

---

SUITE 2000 • ONE MONARCH PLACE • SPRINGFIELD, MA 01144 • 413-737-4753 • FAX 413-787-1941 • *www.skoler-abbott.com*
255 PARK AVENUE • WORCESTER, MA 01605 • 508-757-5335
AFFILIATE OF WORKLAW NETWORK: THE NATIONWIDE NETWORK OF MANAGEMENT LABOR AND EMPLOYMENT LAW FIRMS.

T. Mark Herlihy, Esq.                -2-                December 23, 2004

choose to return. Moreover, as your letter reflects, Mr. Hall would have some continuing protections under the law should he choose to return and subsequently be terminated. Thus, I would respectfully indicate that a refusal to return to work based on a belief that he would be terminated is unsupported and unjustified.

The offer made in the initial letter of December 15 remains open. I look forward to hearing from you.

Very truly yours,

Jay M. Presser

JMP:amm

cc: //MeadWestvaco Corporation