*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

---

STEVEN A. HALL,

                    Plaintiff,

vs.

MEADWESTVACO CORPORATION,

                    Defendant.

CIVIL ACTION NO. 03-30310-KPN

**DEFENDANT'S PROPOSED JURY
INSTRUCTIONS**

---

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

Introduction

Members of the Jury:

Now that you have heard the evidence and the arguments, it becomes my duty to give you instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I state it to you, and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence,

follow the law as it is now being given to you, and reach a just verdict, regardless of the

consequences.

Section 71.01, Federal Jury Practice and Instructions, Hon. Edward J. Devitt and Hon.
Charles B. Blackmar (4th ed. 1987).

Given as requested  _____
Given as modified   _____
Refused             _____
Withdrawn           _____

_____
UNITED STATES MAGISTRATE JUDGE

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2</u>

<u>Consideration of the Evidence and Duty to Follow Instructions</u>

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.  It would be a violation of your sworn duty to base a verdict upon a view of the law other than that given in the instructions of the court just as it also would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

Employers, their management and employees, and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  The fact that Meadwestvaco Corporation is the Defendant does not mean that it is not entitled to have its defenses considered equally with the claims of the Plaintiff, or that you are not obligated to apply the law as I shall instruct you.  To decide this case based upon any bias against corporations, or because you believe that the Defendant could afford to pay, would violate your sworn obligations as jurors.  In this case, as in any other, Plaintiff is not entitled to recover money unless he establishes a legal right for such recovery under the standards that exist in the law.

In your deliberations, you should consider only the evidence --- that is, the testimony of the witnesses and the exhibits I have admitted into the record --- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who has seen or heard the facts to which he or she

testifies, such as an eyewitness.  "Circumstantial evidence" is proof of a chain of facts and circumstances, tending to prove, or disprove, an ultimate conclusion.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

A number of exhibits and testimony related to them have been introduced.  You will determine what weight, if any, the exhibits should receive in light of all of the evidence.

As indicated earlier, you must consider, among other things, all exhibits received in evidence, regardless of who may have produced them.  Where both parties have identified as exhibits some of the same documents, in order to avoid duplication (the necessity of the jury having to review two sets of exhibits, many of the parts of which would be identical), this Court declines to admit exhibits of one party that are duplications of exhibits already admitted into evidence by the other party.  Therefore, you are to attach no significance whatsoever to the fact that a given item of evidence has been introduced by Plaintiff, as opposed to the Defendants, or vice versa.

Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.

Basic Instruction 2.1, Pattern Jury Instructions Civil Cases. U.S. Eleventh Circuit District Judges Association (1990ed. West), as modified by counsel for Defendant.

Given as requested _____
Given as modified  _____
Refused          _____
Withdrawn        _____

_____
UNITED STATES MAGISTRATE JUDGE

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3</u>

<u>Credibility of Witnesses</u>

By saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision, you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.  You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions.  Did the person impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have knowledge of things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

Basic Instruction 3, Pattern Jury Instructions Civil Cases, U.S. Eleventh Circuit District Judges Association (1990 ed. West).

Given as requested _____
Given as modified    _____
Refused                    _____
Withdrawn              _____

_____
UNITED STATES MAGISTRATE JUDGE

6

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

### Impeachment of Witnesses

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that statement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Basic Instruction 4.1, Pattern Jury Instruction Civil Cases, U.S. Eleventh Circuit District Judges Association (1990 ed. West).

Given as requested  _____
Given as modified   _____
Refused             _____
Withdrawn           _____


_____
UNITED STATES MAGISTRATE JUDGE

7

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5</u>

<u>Preponderance of the Evidence</u>

From time to time I may refer to the obligation to prove something by the preponderance of the evidence.  A preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Source of Instruction:  Pattern Jury Instructions (Civil) Fifth Circuit § 2.20 (1998) (modified).

Given as requested _____
Given as modified    _____
Refused          _____
Withdrawn         _____

_____
UNITED STATES MAGISTRATE JUDGE

8

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

General Right to Job Restoration

The Family and Medical Leave Act is a federal law that allows certain employees to take up to 12 weeks of unpaid leave within a twelve month period, for certain reasons.  These reasons may include taking care of a child or parent with a serious medical condition, taking care of matters relating to an adoption, and/or the employee's own serious health condition.  With certain exceptions, a medical condition is a serious health condition when it involves more than 3 consecutive calendar days' of incapacity and thereafter requires continuing treatment by a health care provider.

As a general rule, an employee is entitled to return to his or her own position, or a comparable position, following an FMLA leave of absence.

Source:  29 U.S.C. 2611, et seq.; Hodgens v. Gen. Dynamics, Corp., 144 F.3d 151 (1st Cir. 1998).

Given as requested _____
Given as modified   _____
Refused             _____
Withdrawn           _____


_____
UNITED STATES MAGISTRATE JUDGE

9

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

Company's Right to Terminate Lawfully

Nevertheless, the right to return to work is not absolute.  An employee is not immune from a discharge for lawful reasons simply because they are on FMLA leave and would otherwise be entitled to job restoration.  Rather, an employer can discharge an employee while they are on FMLA leave, and deny the employee his restoration rights, if it would have acted in the same manner if the employee had not been on FMLA leave.

The evidence here is that the employer provides medical leaves that are paid, and can last for up to a full year.  The FMLA itself encourages employers to adopt policies that are more generous than the 12 weeks of unpaid leave guaranteed by the FMLA.  The Company claims that it discharged Plaintiff not because he took an unpaid FMLA leave, but because it concluded that he had abused the paid leave policy by not returning to work in August of 2002, even on a limited basis, when they observed him performing work for another employer that was more difficult than what Defendant wanted him to do.  The Company claims that it would have fired any employee for such a reason, including those who were not eligible for FMLA leave and those whose medical leaves had exceeded twelve weeks but were still covered by the Company's one year paid medical leave policy.  It is your task to decide, weighing all the evidence, whether the Company discharged Plaintiff because it reasonably believed he was violating their paid sick leave program, and if they would have done so whether or not

Plaintiff was on FMLA leave.  If you believe the Company's claims, you must render a verdict in their favor.  If not, you must render a verdict in the Plaintiff's favor.

Source:  Kariotis v. Navistrar International, 131 F.3d 672 (7th Cir. 1997); Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155 (2nd Cir. 1999); Hopkins v. Electronic Data Systems Corp., 1997 WL 853506, 5-6 (E.D.Mich. 1997); O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1354 (11th Cir. 2000); Dollar v. Shoney's, Inc., 981 F. Supp. 1417, 1419 (N.D.Ala. 1997); Bearley v. Friendly Ice Cream Corporation, 322 F. Supp.2d 563 (M.D. Pa. 2004); Lucy v. Jones, 2004 WL 1745754 (N.D.Ill. 2004); Wesley v. One Price Clothing Stores, Inc., 2003 WL 21955861 (N.D. Tex. 2003); Mosley v. Hedges, 1998 WL 182478 (N.D.Ill. 1998); Moughari v. Publix Super Markets, Inc., 1998 WL 307454 (N.D.Fla. 1998); Kohls v. Beverly Enterprises Wisconsin, Inc., 259 F.3d 799 (7th Cir. 2001); Pharakhone v. Nissan North America, Inc., 324 F.3d 405 (6th Cir. 2003); Ogborn v. United Food and Commercial Workers Union, Local No. 881, 305 F.3d 763 (7th Cir. 2002); Hoge v. Honda of America Mfg., Inc., 384 F.3d 238 (6th Cir. 2004); Geromanos v. Columbia University, 322 F. Supp.2d 420 (S.D.N.Y. 2004); Bearley v. Friendly Ice Cream Corp., 322 F. Supp.2d 563 (M.D.Pa. 2004).  Jennings v. Mid-American Energy Co., 282 F. Supp.2d 954 (S.D.Iowa Davenport. Div. 2003);Yashenko v. Harrah's NC Casino Company, LLC (W.D.N.C. 2005); 29 C.F.R. §  825.216; 29 C.F.R. § 825.312


Given as requested  _____
Given as modified   _____
Refused             _____
Withdrawn           _____



_____
UNITED STATES MAGISTRATE JUDGE

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8</u>

<u>Damages</u>

I will instruct you as to how to calculate damages if you find that Plaintiff has proven his claim by a preponderance of the evidence, but the fact that I am so instructing you should not be interpreted to mean that I believe that you should or should not find liability. I am giving these instructions only to assist you in the event you find for the Plaintiff.

If you find that the Company discharged Plaintiff because it reasonably believed he was violating their paid sick leave program, and if they would have done so whether Plaintiff was on FMLA leave or not, Plaintiff will not be entitled to damages of any kind. If you find for Plaintiff however, you must determine an amount that will fairly compensate him for his actual damages. The FMLA limits Plaintiff's recovery to his actual monetary damages, meaning an amount equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to him by reason of the violation.

Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. Neither can damages be based on speculation or guesswork because only actual damages are recoverable. For damages to be the proximate or legal result of wrongful conduct, Plaintiff must show that, except for such conduct, the damages would not have occurred. In other words, Plaintiff must prove by a preponderance of the evidence that any damages he incurred were a direct consequence of Defendant's unlawful act. If Plaintiff has not presented proof by a

12

preponderance of the evidence that he was so injured, then you will return a verdict in favor of the Defendant.

If you find that the Defendant acted unlawfully by terminating Plaintiff, you may award the Plaintiff damages. These damages may include any backpay from the time of his termination on September 8, 2002 until December 31, 2004. If you determine that Plaintiff is entitled to any backpay, you should reduce that amount by any interim earnings of the Plaintiff. If you determine that Plaintiff is entitled to backpay damages, you must reduce these damages by what Plaintiff earned at other jobs in wages, earnings, or other income and benefits, or which he obtained in unemployment compensation after his termination.

Damages Instruction 1.3 and 2.1, and Federal Claims Instruction 2.2, Pattern Jury Instructions Civil Cases, U.S. Eleventh Circuit District Judges Association (1990 ed. West) as modified by counsel for Defendant. *See, also*, Sections 104.05 and 104.06, Federal Jury Practice and Instructions, Hon. Edward J. Devitt and Hon. Charles B. Blackmar (Supp. 4th ed. 1993), as modified by counsel for Defendants. *See, also*, NLRB v. Gullet Gin Co., 340 U.S. 361 (1951); NLRB v. Melrose Processing Co., 351 F.2d 693, 701 (8th Cir. 1965); Brennan v. Ace Hardware Corp., 495 F.2d 368 (8th Cir. 1974); Naton v. Bank of California, 649 F.2d 691 (9th Cir. 1981); Rodriquez v. Taylor, 569 F.2d 1231 (3d Cir. 1977), *cert. denied*, 436 U.S. 913 (1978); District of Columbia v. Jones, 442 A.2d 512, 524 (D.C. 1982).

Given as requested  _____
Given as modified   _____
Refused             _____
Withdrawn           _____

_____
UNITED STATES MAGISTRATE JUDGE

13

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9</u>

<u>MITIGATION OF DAMAGES</u>

A plaintiff who is injured has an obligation to take reasonable steps to minimize, or mitigate his damages. Failures to mitigate damages can take a variety of forms, including not looking for new employment, finding new employment but voluntarily quitting, finding new employment and getting discharged for misconduct, or voluntarily choosing to take a lesser paying job or return to school in the expectations that the employee will end up in a better position than if he continued to work for the Defendant.

During the backpay period, individuals have an obligation to exercise "reasonable diligence" in finding alternative suitable employment. Thus, awards of backpay may be offset by any wages that *could* have been earned with reasonable diligence after the illegal discharge, regardless of whether they were actually earned. A victim of discrimination is obligated to attempt to obtain a suitable job that is comparable to what he had been doing, and an employee's failure to do so because he has elected to change careers may constitute a failure to mitigate damages. Thus, a victim of discrimination may, of course, choose not to pursue a comparable position to the one that he lost in order to go to school, or obtain training, in order to advance his personal career goals. However, if you determine that with due diligence he could have obtained a higher paying job than he did, and that he chose to take a lower paying job, in the short run, in order to improve his career, you may choose to calculate backpay based on what you believe the Plaintiff should have been earning, rather than

14

what he did earn, for all or part of the backpay period.  If you find that the

Defendant has proven that the Plaintiff failed to mitigate his damages, you must

reduce any award of damages by the amount that could have been avoided.

Source of Instruction:  Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32 (1982);
Johnson v. Spencer Press, 364 F.3d 368 (1st Cir. 2004); Carey v. Mt. Desert
Island Hosp., 156 F.3d 31, 41 (1st Cir. 1998); Taylor v. Safeway Stores, Inc., 524
F.2d 263, 268 (10th Cir. 1975); Floca v. Homecare Health Services, Inc., 845
F.2d 108, 113 (5th Cir. 1988); Miller v. Marsh, 766 F.2d 490, 492 (11th Cir.
1985); Washington v. The Kroger Co., 671 F.2d 1072, 1079 (8th Cir. 1982).


Given as requested  _____
Given as modified    _____
Refused                    _____
Withdrawn               _____


_____
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted,

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO No. 405760

  /s/ Amy B. Royal, Esq.
Amy B. Royal, Esq.
BBO No. 647175
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144

Dated:   March 11, 2005

Tel.:  (413) 737-4753/Fax:  (413) 787-1941

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing *Defendant's Proposed Jury Instructions* was filed electronically and served upon the attorney of record for each other party via e-mail, on March 11, 2005.

  /s/ Amy B. Royal, Esq.
Amy B. Royal, Esq.