```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION         CIVIL ACTION NO. 03-30310-KPN
```

|  |  |
|---|---|
| STEVEN A. HALL,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| MEADWESTVACO CORPORATION,<br>    Defendant | )<br>) |

**PLAINTIFF, STEVEN A. HALL'S MOTION IN LIMINE TO PRECLUDE THE DEFENDANT FROM INTRODUCING ANY TESTIMONY AND/OR EVIDENCE DISPUTING PLAINTIFF'S PHYSICIAN'S MEDICAL CERTIFICATION THAT HE WAS UNABLE TO PERFORM THE FUNCTIONS OF HIS POSITION FROM JUNE 2002 THROUGH SEPTEMBER 9, 2002.**

The plaintiff in the above encaptioned matter hereby requests this Court, in limine, for an order precluding the defendant and/or its attorneys from arguing and/or introducing any evidence or making any remark, statement, argument, question, answer, direct or indirect communication and/or inference which might lead the jury to believe or infer to the jury either directly or indirectly, that Steven Hall did not have a serious health condition that rendered him unable to perform the functions of his position from June, 2002 through and including September 9, 2002. Included in the above, the plaintiff specifically requests this court preclude the defendant from introducing any evidence with respect to the following:

1. Any conversations of the plaintiff during his FMLA leave in which he expressed any concerns about the potential financial hardship of returning to work part-time; and

2. Any surveillance conducted on the plaintiff during his FMLA leave.

<u>THE FAMILY MEDICAL LEAVE ACT</u>

The twin purposes of the Family and Medical Leave Act, 29 USC 2611 et seq., are to balance the demands of the workplace with the needs of families and to entitle employees to take reasonable leave for medical reasons. <u>Hodgens</u> v. <u>General Dynamics Corp.</u>, 144 F.3d 151, 159 (1st Cir., 1998). Among the findings prompting the passage of the Act was Congress's belief that there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods. <u>Id</u>. (citations omitted.) In an effort to solve this problem the Act provides eligible employees the right to up to 12 weeks leave during any 12 month period because of, inter alia, a serious health condition that makes the employee unable to perform the functions of his or her position. 29 U.S.C. 2612. Upon return from leave the employer is required to restore the employee to his or her prior position or an equivalent position with equivalent benefits and pay. 29 U.S.C. 2614.

To establish entitlement to FMLA leave an employee may be required to obtain a certification from his or her health care provider stating that the employee is unable to perform the functions of the position of the employee. 29 U.S.C. 2613. The Act provides that in any case where the employer has reason to doubt the validity of the certification provided by the employee, the employer has the option of requiring the employee to obtain a second opinion by a health care provider designated by the employer. The Act also provides for a third opinion by a jointly designated health care provider if there is a conflict between opinions one and two. The Act

makes this third opinion final and binding on the employer. 29 U.S.C. 2613. See also 29 C.F.R. 825.307.

ARGUMENT

It is anticipated that the defendant will attempt to argue to the jury and/or introduce evidence of a conversation the plaintiff had with Christopher Matthews, the Superintendent of the Mill in late July 2002 in which the plaintiff was asked to consider coming back to work part-time despite his medical certifications stating he was unable to perform any work. The plaintiff testified that he questioned Mr. Matthews about whether his 60% disability pay would be further reduced if he did come back part-time, and expressed concerns about being able to keep up with his child support payments and bills if his pay was further reduced. According to the plaintiff, he was never told what his pay would be if he was to work part-time. Subsequent to this conversation, MeadWestvaco sent plaintiff's doctor a form specifically asking whether the plaintiff was medically able to work part time. Mr. Hall's physician returned the certification explaining that the trauma sustained in the motor cycle accident resulted in a ruptured spleen with significant residual abdominal clotting, raising the risk of rebleed. The doctor's certification reiterated that the plaintiff was not cleared to work until September 9, 2002.

It is the plaintiff's position that his concerns about being able to meet his financial obligations on further reduced pay, while perfectly reasonable, normal and understandable, are completely irrelevant to any defense in this case and can only serve to prejudice, harass and embarrass the plaintiff. Whether the plaintiff

could return to work part-time was a medical issue on which the plaintiff's physician had specifically rendered an opinion. If MeadWestvaco had any reason to doubt that medical opinion, the Act gave it the right to have a doctor of its own choosing render a second opinion. The defendant chose not to follow the procedures made available by the Act however, and is therefore bound by the plaintiff's physician's certification that the plaintiff was not able to return to work until September 9, 2002. That the plaintiff may have been worried that he would experience financial hardship if his doctor cleared him to work part-time is simply irrelevant to any issues of MeadWestvaco's compliance with FMLA. It is worth noting that combating these types of family financial concerns is one of the purposes of the Act. Hodgens, supra.

It is further anticipated that the defendant will attempt to introduce surveillance tapes and/or reports surreptitiously made of the plaintiff in August, 2002. It is plaintiff's position that, as argued above, plaintiff's inability to perform the functions of his position is conclusively established in this case by the his health care provider's medical certification which went unchallenged by the defendant and any evidence to the contrary is simply irrelevant to the issue of plaintiff's medical condition.

It is possible however, that conducting surveillance on the plaintiff while he was duly on FMLA leave and without using the mechanisms provided by the Act for disputing medical certifications could be viewed as a separate act interfering with the plaintiff's right to FMLA leave. See e.g. Sherman v. AI/FOCS, Inc., 113 F. Supp.

2d 65, 70-71 (D. Mass. 2000)(requiring employee to respond to constant telephone calls and come in to the office on request during FMLA leave constitutes interference with employee's right to uninterrupted leave under FMLA). The plaintiff specifically reserves the right to introduce this evidence himself as further evidence of the defendant's violation of the Act.

WHEREFORE, the plaintiff respectfully requests this Court, in limine, for an order precluding the defendant and/or its attorneys from arguing and/or introducing any evidence or making any remark, statement, argument, question, answer, direct or indirect communication and/or inference which might lead the jury to believe or infer to the jury either directly or indirectly, that Steven Hall did not have a serious health condition that rendered him unable to perform the functions of his position from June, 2002 through and including September 9, 2002.

> The Plaintiff,
> By his attorneys,
>
> _____
> T. Mark Herlihy (BBO #231530)
> Karen M. Thursby (BBO #497570)
> HERLIHY, THURSBY, & HERLIHY, LLP
> 133 Federal Street
> Boston, Massachusetts 02110
> (617) 426-6100

CERTIFICATE OF SERVICE

I, T. Mark Herlihy, hereby certify that I have this day, March 11, 2005, served a copy of the foregoing,

**PLAINTIFF, STEVEN A. HALL'S MOTION IN LIMINE TO PRECLUDE THE DEFENDANT FROM INTRODUCING ANY TESTIMONY AND/OR EVIDENCE DISPUTING PLAINTIFF'S PHYSICIAN'S MEDICAL CERTIFICATION THAT HE WAS UNABLE TO PERFORM THE FUNCTIONS OF HIS POSITION FROM JUNE 2002 THROUGH SEPTEMBER 9, 2002**

by mailing same, postage prepaid, to:

COUNSEL FOR DEFENDANT:

Jay M. Presser (BBO # 405760)
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, MA 01144
(413)737-4753

_____
T. Mark Herlihy, Esq.