*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

| | |
|---|---|
| STEVEN A. HALL, | CIVIL ACTION NO. 03-30310-KPN |
| Plaintiff, | |
| vs. | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE** |
| MEADWESTVACO CORPORATION, | |
| Defendant. | |

## I.  Introduction

Defendant submits this Opposition to Plaintiff's Motion in Limine.  In that Motion, the Plaintiff seeks to preclude the following evidence:  (1) testimony that he was asked whether he could perform limited services for the Company and his response, not that he was physically unable to do so, but that it would be financially foolish to do so; and (2) evidence that he could, in fact, perform light duty work.  In essence, Plaintiff seeks to keep out evidence regarding the Employer's legitimate reasons for terminating Plaintiff's employment and thereby lawfully denying restoration following an FMLA leave.

The fundamental flaw in the motion is that the FMLA certifications referred to, as Plaintiff suggests, may demonstrate that he was entitled to unpaid FMLA leave.  That issue is not even in dispute.  Defendant does not deny, and indeed has never denied, that Plaintiff was entitled to reject light duty work and remain on unpaid FMLA leave.

However, as discussed below, Defendant maintains that despite the fact that Plaintiff was on an FMLA leave, he could be lawfully terminated, and thereby

denied restoration for receiving disability pay that he was not entitled to receive.

Plaintiff's motion seeks to preclude evidence that Defendant intends to introduce

to prove that he was not entitled to disability pay.  He bases his argument on the

undisputed fact that Plaintiff has proven he had a serious health condition that

entitled him to unpaid FMLA leave.[1]

Plaintiff was entitled to reject an offer of light duty, part-time work, and

remain on unpaid FMLA leave for the full twelve weeks.  That does not, however,

mean that he was also entitled to receive disability *pay* if he could perform the

light duty, part-time work being offered.  Even assuming that it made financial

sense for Plaintiff not to accept light duty work, he was not entitled to do so while

continuing to receive disability pay based on a claim of total disability.  Receipt of

disability pay when not disabled is fraud, and an employee of the Defendant that

fraudulently receives disability benefits is subject to termination whether or not he

has received, and is entitled to, FMLA leave.  Defendant is entitled to present to

the jury its evidence that Plaintiff was engaging in misconduct and that this

misconduct was the reason for the termination.  Indeed, the evidence Plaintiff

seeks to bar will demonstrate that Plaintiff was terminated for fraudulently

collecting disability payments based on a claim of total disability while Plaintiff

was performing significantly more demanding work for another employer.

---

[1]The issues are not the same.  Thus, for example, an employee with a serious medical condition who is able to work but needs time off for medical treatment is entitled to FMLA leave for that purpose. However, once he is no longer totally disabled, while he could take the day off, he is not entitled to be paid for that time.

## II.  Argument

The fact that Plaintiff was entitled to take FMLA leave does not prevent the employer from producing evidence, in its defense, that it had a lawful reason to terminate Plaintiff.  Thus, Defendant recognizes that as a general rule, an employee has a substantive entitlement to return to his prior position following an FMLA leave, and an employer that does not allow such a return *may* be liable for a violation under the FMLA, and the employee need not demonstrate an unlawful intent to violate the FMLA to prevail on such a claim.  Hodgens v. Gen. Dynamics, Corp., 144 F.3d 151 (1st Cir. 1998).  However, it is clear that the right to reinstatement following an FMLA leave is not absolute.  *See, e.g.,* Kohls v. Beverly Enterprises Wisconsin, Inc., 259 F.3d 799 (7th Cir. 2001); Pharakhone v. Nissan North America, Inc., 324 F.3d 405 (6th Cir. 2003); Ogborn v. United Food and Commercial Workers Union, Local No. 881, 305 F.3d 763 (7th Cir. 2002); Hoge v. Honda of America Mfg., Inc., 384 F.3d 238 (6th Cir. 2004); Geromanos v. Columbia University, 322 F. Supp.2d 420 (S.D.N.Y. 2004); Bearley v. Friendly Ice Cream Corp., 322 F. Supp.2d 563 (M.D. Pa. 2004); Jennings v. Mid-American Energy Co., 282 F. Supp.2d 954 (S.D. Iowa Davenport. Div. 2003);Yashenko v. Harrah's NC Casino Company, LLC (W.D.N.C. 2005).

Thus, in a variety of circumstances, courts have found that an employee on FMLA leave did not have to be allowed to return to work, either because he was terminated for lawful reasons or because he was laid off.  *See, e.g.*, Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155 (2nd Cir. 1999); Hopkins v. Electronic Data Systems Corp., 1997 WL 853506, 5-6 (E.D. Mich. 1997);

O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1354 (11th Cir. 2000); Dollar v. Shoney's, Inc., 981 F. Supp. 1417, 1419 (N.D. Ala. 1997).  "With no absolute right to reinstatement, whether an employer violates the FMLA turns on why the employee was not reinstated."  Bearley v. Friendly Ice Cream Corporation, 322 F. Supp.2d 563 (M.D. Pa. 2004).

Here, Defendant submits that it lawfully terminated Plaintiff, thereby denying him restoration.  In fact, it was learned that while Plaintiff was receiving disability pay based on a claim that he was totally disabled, and while Plaintiff was declining to perform even light duty, part-time work for the Company that he was clearly capable of doing, he was performing more strenuous duties for another employer.  In fact, during the time Plaintiff was collecting disability pay based on a claim of total disability, he was working a second job as a fireman, for which he received a stipend for each call to which he responded.  In late July 2002, a photograph appeared in the local newspaper showing Plaintiff at a local accident scene.  The photograph was posted at the mill where Plaintiff worked as a beater engineer, presumably by a displeased co-worker.  When Plaintiff came to discuss his displeasure regarding the photograph, the mill superintendent, cognizant of the strain Plaintiff's absence was having on the remaining beater engineers, informed Plaintiff that the Company, if at all possible, wanted to make it possible for him to use his color matching expertise to relieve the strain on his co-workers.  Plaintiff was encouraged to return to perform color matching responsibilities, services to the extent able, even on a part-time basis for a few hours a day.  He was informed that the Company could guaranty that he would

not have to lift anything contrary to any medical restrictions, that he would not have to rotate shifts, and that he could sit or stand or walk-around as much as necessary.  Plaintiff did not share this information with his treating physician.  Nor did he return.  Rather, he in effect told the manager that it would be foolish economically for him to return to work with adjusted duties, in part, because his ex-wife had agreed to reduce child support payments.  Thus, he continued to receive disability pay based on a claim that he was totally disabled.

Following additional reports that Plaintiff was performing duties inconsistent with his claimed inability to perform the limited, part-time duties being requested, the Company hired an investigator to engage in surveillance.  In the beginning of August 2002, a surveillance tape was received that, while showing Plaintiff moving around freely, did not demonstrate Plaintiff doing anything inconsistent with a claim of total disability, and no action was taken.  However, following additional reports that he was engaging in such activities, a second surveillance tape showed him performing activities for his second employer that included carrying equipment that weighed between fifteen and twenty pounds, while refusing to perform the infinitely easier tasks of a beater engineer even on a part-time basis.

The Company concluded that while he may have been entitled to FMLA leave for having a serious medical condition, in light of his activities on behalf of his second employer, he clearly was not incapable of doing the light duty work that had been offered.  He was not, therefore, totally disabled as he had claimed in order to receive disability pay.  Indeed, he had been fraudulently receiving

disability pay while refusing to perform work he could have performed.  He was, as a result, discharged.

Denial of restoration under such circumstances, even if the employee was entitled to an *unpaid* FMLA leave, simply is not unlawful, and Defendant should not be precluded from presenting the evidence to support its claim.  Nothing in the FMLA precludes termination of an employee who fraudulently receives disability pay, not due to the FMLA, but based on employer policies.  The FMLA should not be interpreted in a way that would discourage employers from providing pay to a certain subgroup of those entitled to receive unpaid FMLA leave.  *Cf*. Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81 (2002).  Any rule of law that would inhibit an employer from discharging employees who improperly receive *pay* for medical leave based on a claim of total disability would discourage employers from adopting such generous policies and would be contrary to the FMLA.

The employer here provides paid leave, for up to a year, but such paid medical leaves are not offered to every employee who is eligible for FMLA leave.  Rather, such paid leave requires that the employee be *totally* disabled, which is clearly a far different standard than is required to establish FMLA eligibility.  Hodgens v. General Dynamics Corp., 144 F.3d 151, 165 (1st Cir. 1998) ("…it is not necessary that the medical condition make him "too sick to work" on a particular day in order for an absence on that day to be covered under the statute.").  Furthermore, under the FMLA, an employee is entitled to reject an offer of light duty work and remain on an unpaid leave of absence.  However,

under the disability plan, if an employee fails to accept light duty work that is made available and he is capable of performing, he is not entitled to receive any pay. Since employers are not precluded by the FMLA in providing such paid benefits, and are, in fact, encouraged to do so, they are also not precluded from taking actions against employees who they conclude have abused such paid leave policies.

The FMLA's rules regarding a serious health condition govern unpaid leave (where the employee has a financial incentive to return that is dissipated by the receipt of pay[2]); they do not negate an employers' right to establish requirements for the receipt of *payment* for medical leave; and they do not prevent employers from acting when they reasonably conclude based on particularized facts that there has been an abuse of such generosity, since paid leave is not mandated by the law. The Plaintiff would improperly seek to impose the FMLA's requirements pertinent to unpaid leave on an employer's right to establish paid leave entitlements, and essentially indicate that any employee entitled to FMLA leave is entitled to paid disability leave under the employer's disability plan. There is no basis in law for such an assertion.

Since he is not lawfully entitled to such benefits, even if on FMLA leave, the employer is free to set conditions for the receipt of such benefits and to take action against employees who collect benefits they are not entitled to receive. It would, respectfully, be absurd to argue that an employer is precluded from

---

[2]Seemingly, Plaintiff is contending that he had a right not to return, even if able, if it would reduce his disability pay. That is not the case. He is not, by law, entitled to paid leave. The employer provides such a benefit only to employees incapable of performing gainful work needed by the employer. It is not for the employee to decide whether to work or remain on paid leave based on the financial impact.

terminating an employee who is receiving paid leave because he is totally disabled, when the evidence demonstrates that he is not.  It is even more absurd to argue that the jury is not entitled to hear evidence relevant to the determination of such misconduct.

Case law supports the right of the employer to terminate an employee, notwithstanding the FMLA, for abuse of the employer's policies.  *See, e.g.,* Kariotis v. Navistrar, International, 131 F.3d 672 (7th Cir. 1997); Lucy v. Jones, 2004 WL 1745754 (N.D. Ill. 2004) (while on leave to care for son employee took position with another employer.  "This was a fraud on [the employer]."); Wesley v. One Price Clothing Stores, Inc., 2003 WL 21955861 (N.D. Tex. 2003); Mosley v. Hedges, 1998 WL 182478 (N.D. Ill. 1998) (no violation of restoration rights when videotape led to employer's belief that there had been a "fraudulent use of sick leave benefits."); Moughari v. Publix Super Markets, Inc., 1998 WL 307454 (N.D. Fla. 1998); Kohl's v. Beverly Enterprise of Wisconsin, Inc., 2000 WL 34230254 (W.D. Wis. 2000) (employer could be fired for matters discovered while on FMLA leave).

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion in Limine.

Respectfully Submitted,


____/s/ Jay M. Presser, Esq._____
Jay M. Presser, Esq.
BBO #405760

_____/s/ Amy B. Royal, Esq._____

Amy B. Royal, Esq.

BBO #647175

Skoler, Abbott & Presser, P.C.

One Monarch Place, Suite 2000

Springfield, Massachusetts  01144

Dated:  March 16, 2005                Tel. (413) 737-4753/Fax (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Opposition to Plaintiff's Motion In Limine* was filed electronically and served upon the attorney of record for each other party via electronic mail, on March 16, 2005.

_____/s/ Jay M. Presser_____

Jay M. Presser, Esq.