UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION              CIVIL ACTION NO. 03-30310-KPN

STEVEN A. HALL,                    )
    Plaintiff                      )
                                   )
v.                                 )
                                   )
MEADWESTVACO CORPORATION,          )
    Defendant                      )

### PLAINTIFF, STEVEN A. HALL'S OPPOSITION TO MOTION IN LIMINE OF DEFENDANT, MEADWESTVACO CORPORATION TO PRECLUDE TESTIMONY REGARDING WAGES LOST FOLLOWING 'UNCONDITIONAL OFFER OF REINSTATEMENT'

Now comes the plaintiff in the above encaptioned matter and hereby opposes the defendant's Motion in Limine seeking to preclude all evidence of damages suffered by the plaintiff following his refusal to accept the defendant's alleged 'unconditional offer of reinstatement' in December 2004.

It is undisputed that the defendant refused to reinstate the plaintiff on or about September 12, 2002 upon his return from duly certified leave pursuant to 29 U.S.C. 2611 et seq. The defendant contends that despite appropriate medical certification from the plaintiff's doctor the defendant doubted the extent of plaintiff's disability. Rather than avail itself of the medical recertification mechanism provided by the statute precisely for resolving such disputes, the defendant terminated the plaintiff. **Two years and 3 months** after firing the plaintiff and 5 days after this Court set the date plaintiff's claims are to be tried to a jury, the defendant for the first time offered to reinstate the plaintiff to his prior

position. The defendant now contends that plaintiff's refusal to fall for this obvious litigation tactic terminates his right to seek lost wages from the date of his refusal. But see Hogan v. Bangor and Aroostook Railroad Co. 61 F.3d 1034, 1038 (1st Cir. 1995)(offer of reinstatement made during trial and conditioned on examination properly rejected as an untimely litigation tactic).

Initially it must be noted that the case upon which the defendant relies, Ford Motor Company v. Equal Employment Opportunity Commission, 458 U.S. 219, (1982) is an employment discrimination case brought pursuant to Title VII, 42 U.S.C. 2000e, and not a FMLA case. In Title VII employment discrimination cases there is a specific statutory provision requiring claimants to mitigate damages. 42 U.S.C. 2000e-5(g)("Interim earnings or amounts earnable with reasonable diligence by a person or persons discriminated against shall operate to reduce the back pay otherwise allowable.") In light of this explicit statutory provision, the Ford Motor Company case held that absent special circumstances, the ongoing accrual of back pay liability is tolled when a Title VII claimant rejects the job he originally sought. Id. 238-239. There is no corresponding provision in the FMLA, however and the duty to mitigate has not been judicially imposed on FMLA claimants in this Circuit. See Sherman v. AI/FOCS, Inc., 113 F. Supp. 2d 65, 75 (D. Mass. 2000).

Assuming, arguendo, that such a duty is held to exist in FMLA cases in this Circuit, it is plaintiff's position that the defendant's Motion must be denied as a matter of law as the December 15, 2004

offer, coming as it did 28 months after plaintiff's termination and 5 days after the trial date in this case was set, does not, as a matter of law, constitute an offer of reinstatement. See Hogan, supra. The plaintiff further opposes this Motion on the fact specific grounds that the defendant is estopped from asserting this failure to mitigate defense, and/or the plaintiff's decision not to accept the defendant's offer was reasonable under the circumstances.

In Ford Motor Co. v. EEOC, supra, the case relied upon by the defendant the court discussed the primary motivating factor behind interpreting the Title VII statutory mitigation rule as tolling the ongoing accrual of back pay liability when a Title VII claimant rejects the job he originally sought. The court held that the interpretation encouraged defendants to make curative, unconditional job offers PROMPTLY, thereby ending the discrimination at issue far more quickly than "litigation proceeding at its often ponderous pace." Ford Motor Co., supra at 3064. The court was concerned that the delay in waiting for trial forced victims to suffer years of underemployment or unemployment before being able to obtain a judicial award of the job wrongfully denied. Id. Clearly MeadWestvaco's offer, made over two years after terminating the plaintiff, can in no way be considered prompt and did not serve to prevent the plaintiff from suffering years of underemployment. Moreover, given that the offer was made within days of the defendant being ordered to try its case in 3 months time, to consider this obvious litigation tactic as an offer of reinstatement would actually dissuade defendants from promptly

reinstating claimants in voluntary compliance with the FMLA and in effect reward them for delay. If promptness doesn't matter, why wouldn't an employer vehemently fight reinstatement, wait until the eve of trial, then offer to reinstate, knowing that by doing so even at such a late date and regardless of the plaintiff's response the defendant will have precluded the fact finder from even considering what is typically the largest element of damages, future lost wages? Assuming this rule applies at all to FMLA claims, only prompt offers of reinstatement should even be given consideration. Since MeadWestvaco's December 15, 2004 'offer' can in no way be considered prompt, defendant's Motion should be denied as a matter of law.

Assuming arguendo, the defendant's December 15, 2004 letter is considered appropriate to raise a question of mitigation of damages, the defendant has the burden of proof on the issue, Miller, v. AT&T, 83 F.Supp. 700, 706-707 (D. WV 2000), and its determination requires an examination of all the facts and circumstances, including whether the defendant is estopped from making this argument based upon the facts of this case, and/or whether the plaintiff's rejection of the offer was reasonable under the circumstances. See e.g., Sherman, supra; Hogan, supra. The defendant has failed to address these issues making the allowance of defendant's Motion in Limine inappropriate.

There is no question that the plaintiff attempted to return to his job upon completion of his FMLA leave but was denied the opportunity to do so. The plaintiff continued to request his job back after retaining counsel. See e.g., letters dated Jan 21, 2003, and

March 24, 2003, Exhibits 1 & 2 to <u>AFFIDAVIT OF T. MARK HERLIHY IN SUPPORT OF PLAINTIFF, STEVEN A. HALL'S OPPOSITION TO MOTION IN LIMINE OF DEFENDANT, MEADWESTVACO CORPORATION TO PRECLUDE TESTIMONY REGARDING WAGES LOST FOLLOWING 'UNCONDITIONAL OFFER OF REINSTATEMENT'</u>, (hereinafter Herlihy Affidavit) submitted herewith; see also COMPLAINT AND JURY CLAIM.  He was informed then and throughout the entire pendency of this case, up until receipt of defendant's December 15, 2004 letter, that there would be no offer of reinstatement.  In fact, just two weeks prior to defendant's so called 'bona fide offer of reinstatement,' the defendant reiterated its no reemployment position in a letter to plaintiff's counsel.  Herlihy Affidavit.

While he continued his efforts to get his job back with MeadWestvaco in late 2002 and early 2003, the plaintiff took various part time jobs.  In July 2003, 10 months after being fired and subsisting on part-time jobs, the plaintiff had the opportunity to and entered an apprentice electrician program full time. See <u>PLAINTIFF, STEVEN A. HALL'S ANSWERS TO DEFENDANT MEADWESTVACO CORPORATION'S FIRST SET OF INTERROGATORIES TO PLAINTIFF</u>, Answer No.9, Exhibit 3 to Herlihy Affidavit.  As of December 15, 2004, the plaintiff had completed at least 200 of the 600 class hours and 3000 of the 8000 apprentice hours required to obtain his electrician license. See Exhibit 2 attached to DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY REGARDING WAGES LOST FOLLOWING UNCONDITIONAL OFFER OF REINSTATEMENT.

Estoppel is an equitable doctrine created to prevent one from benefiting from his own wrongdoing in order to prevent injustice.

<u>Harrington</u> v. <u>Fall River Housing Authority</u>, 27 Mass. App. Ct. 301, 307 (1989). The essential elements of an estoppel claim are (1) a representation or conduct amounting to a representation intended to induce a course of conduct on the part of a person to whom the representation is made; (2) An act or omission resulting from the representation whether actual or by conduct by the person to whom the representation is made; and (3) detriment to such person as a consequence of the act or omission. See <u>Turnpike Motors, Inc.</u> v. <u>Newbury Group, Inc.</u>, 413 Mass. 119, 123 (1992); <u>Cellucci</u> v. <u>Sun Oil Co.</u>, 2 Mass. App. Ct. 722, 728 (1974).

The defendant's clear position, made known to the plaintiff, was that the plaintiff would not be offered his job back. After 10 months the plaintiff justifiably relied on this position and responsibly undertook to re-educate himself and embark on a new career with the potential of equaling his prior pay. The plaintiff reasonably relied on the defendant's stated position that he would not be offered his job back by taking lower pay and re-training himself for a position that will, in the foreseeable future, equal his prior earnings. The principles of estoppel should preclude the defendant from attempting to limit the plaintiff's ability to prove full damages on these facts.

The defendant's Motion should further be denied as it fails to address the issue of the reasonableness of the plaintiff's rejection of its belated offer of reinstatement. See e.g., <u>Sherman</u>, supra; <u>Hogan</u>, supra. On the facts as set forth above, it's the plaintiff's position that his rejection of defendant's December 14, 2004 offer was

reasonable under the circumstances as a matter of law. Alternatively, the issue should be determined at trial after full hearing of the evidence.

Wherefore, the plaintiff respectfully requests this court deny the defendant's MOTION IN LIMINE TO PRECLUDE TESTIMONY REGARDING WAGES LOST FOLLOWING UNCONDITIONAL OFFER OF REINSTATEMENT.

                                    The Plaintiff,
                                    By his attorneys,

                                    _____
                                    T. Mark Herlihy (BBO #231530)
                                    mherlihy@hthlaw.com
                                    Karen M. Thursby (BBO #497570)
                                    kthursby@hthlaw.com
                                    HERLIHY, THURSBY, & HERLIHY, LLP
                                    133 Federal Street
                                    Boston, Massachusetts 02110
                                    (617) 426-6100


CERTIFICATE OF SERVICE

I, T. Mark Herlihy, hereby certify that I have this day, March 16, 2005, served a copy of the foregoing,

**PLAINTIFF, STEVEN A. HALL'S OPPOSITION TO MOTION IN LIMINE OF DEFENDANT, MEADWESTVACO CORPORATION TO PRECLUDE TESTIMONY REGARDING WAGES LOST FOLLOWING 'UNCONDITIONAL OFFER OF REINSTATEMENT'**

by mailing same, postage prepaid, to:

COUNSEL FOR DEFENDANT:

Jay M. Presser (BBO # 405760)
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, MA 01144
(413)737-4753

                                    _____
                                    T. Mark Herlihy, Esq.

7