UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SPRINGFIELD DIVISION                CIVIL ACTION NO. 03-30310-KPN

STEVEN A. HALL,                     )
    Plaintiff                      )
                                    )
                                    )
v.                                  )
                                    )
MEADWESTVACO CORPORATION,           )
    Defendant                      )

**AFFIDAVIT OF T. MARK HERLIHY IN SUPPORT OF PLAINTIFF, STEVEN A. HALL'S OPPOSITION TO MOTION IN LIMINE OF DEFENDANT, MEADWESTVACO CORPORATION TO PRECLUDE TESTIMONY REGARDING WAGES LOST FOLLOWING 'UNCONDITIONAL OFFER OF REINSTATEMENT',**

I, T. Mark Herlihy, counsel for Steven A. Hall, the plaintiff in the above captioned matter, hereby states the following under the pains and penalties of perjury this 16th day of March 2005:

1. Attached hereto as Exhibit 1 is a true and accurate copy of correspondence sent by me to David Reinhart, President, MeadWestvaco Corporation, on January 21, 2003;

2. Attached hereto as Exhibit 2 is a true and accurate copy of correspondence sent by me to John J. Carrara, Associate General Counsel, MeadWestvaco Corporation, on March 24, 2003;

3. Attached hereto as Exhibit 3 is a true and accurate copy of Interrogatory and Answer No. 9 of PLAINTIFF, STEVEN A. HALL'S ANSWERS TO DEFENDANT MEADWESTVACO CORPORATION'S FIRST SET OF INTERROGATORIES TO PLAINTIFF; and

4. On or about December 2, 2004, I received a letter by fax from Jay M. Presser, Esq., in which the defendant's no reemployment position was reiterated.

_____
T. Mark Herlihy

# EXHIBIT 1

**HERLIHY, THURSBY AND HERLIHY, LLP**
COUNSELLORS AT LAW
133 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110
TELEPHONE (617) 426-6100
FAX (617) 482-0288

JOHN J. C. HERLIHY
KAREN M. THURSBY
T. MARK HERLIHY

JAMES J. WALSH
NANCY J. CAMPANY
ELLEN M. HERLIHY

January 21, 2003

David Reinhart, President
MeadWestvaco Corporation
40 Willow Street
South Lee, MA  01260

RE:   Termination of Steven A. Hall

Dear Mr. Reinhart:

Please be informed that this law firm represents the interests of Steven A. Hall in a claim against MeadWestvaco Corporation for wrongfully terminating him from his job at the Specialty Paper Division, in violation of the Family Medical Leave Act.

I have had the opportunity to meet Mr. Hall and review the documentation with respect to his employment, and his accepted leave pursuant to the Act.  It is our position that MeadWestvaco Corporation unlawfully terminated his position under the Family Medical Leave Act and that he is entitled, at a minimum, to reinstatement, lost pay and benefits, and attorney fees.

I summarize the situation of this long time employee below.

On or about June 21, 2002, Mr. Hall sustained serious injuries from a motor cycle accident, including a ruptured spleen and fractured left clavicle.  MeadWestvaco was notified of the situation and forwarded to Mr. Hall the Family Medical Leave paperwork.

As you may know, 29 U.S.C. S 2612, Family Medical Leave Act, provides that eligible employees are entitled to a total of 12 workweeks of leave during any 12-month period for certain situations, including a serious health condition that makes the employee unable to perform the functions of the position of such employee.

The paperwork was processed, Mr. Hall complied with all necessary certification, and MeadWestvaco placed him on Family Medical Leave along with short-term disability.

Mr. Hall's physician, Dr. Conforti, initially discharged him from the hospital on or about June 27, 2002, with instructions for

HERLIHY, THURSBY AND HERLIHY, LLP

Page Two
David Reinhart
January 21, 2003

complete bed rest for two weeks, with a follow-up in two weeks. It is my understanding that with an injury such as this, the spleen ruptures into many pieces but that with time, the spleen will often heal itself.

On or about July 12, 2002, Dr. Conforti authorized an increase in activities including limited driving for Mr. Hall, but as his spleen was not healed, he could not return to work in any capacity. Dr. Conforti did grant permission for Mr. Hall to participate in limited administrative work (no lifting/no turnout gear) for his volunteer position with the Housatonic Fire Department.

On or about July 25, 2002, Dr. Conforti examined Mr. Hall. CT results showed continued blood around the spleen and fluid around the left lung. Dr. Conforti extended limited activities such as daily walks but continued his no work restrictions, estimating an additional six weeks before return to work.

It is my understanding that in late July or early August, 2002, MeadWestvaco had apparently received information that Mr. Hall was seen responding to a motor vehicle accident scene in conjunction with his volunteer Fire Department duties, and were questioning whether his disability prevented him from at least, returning to work part time, light duty. MeadWestvaco personnel indicated to Mr. Hall, that in a photograph in the local newspaper, it appeared to them, that Mr. Hall was lifting a bar or some other piece of equipment. Mr. Hall explained to his superintendent that his physician had authorized limited administrative duties involving the Fire Department, and that in the photograph, he was only holding a backboard strap that had been handed to him by an E.M.T. However, Mr. Hall approached his physician about a return to work part time, but was informed by Dr. Conforti that he could not return to work, under any conditions, and this information was provided to MeadWestvaco.

On or about September 4, 2002, Dr. Conforti signed a disability Certification allowing Mr. Hall to return to work without restriction on September 9, 2002. On or about September 5, 2002, a physician at Berkshire Health at Fairview Hospital examined Mr. Hall on behalf of MeadWestvaco and certified that he could return to work with no restrictions.

HERLIHY, THURSBY AND HERLIHY, LLP

Page Three
David Reinhart
January 21, 2003

However, on or about Sunday, September 8, 2002, MeadWestvaco personnel informed Mr. Hall that the company had "investigated his allegations of disability", and that because, in their opinion, he had been performing work for the Fire Department (work he been authorized by his physician to do) he in fact had not been disabled and was terminated from his job.

It is our contention that Mr. Hall, at all times complied with the requirements of the Family Medical Leave Act, and that any Volunteer work for the Fire Department was administrative in nature, extremely limited, authorized by his physician, and not relevant to any determination of his ability to work at MeadWestvaco. In addition, the Family Medical Leave Act provides the mechanism in which an employer can determine if an employee is able to perform his job, namely, the employer can have the employee examined by a physician of their choice if they feel the employee can return to work. This was the appropriate method of determining Mr. Hall's disability and is clearly provided for in the Family Medical Leave Act.

Please accept this letter as notification of Mr. Hall's claim that MeadWestvaco has violated the provisions of the Family Medical Leave Act, and hereby requests that the appropriate person contact this office to discuss resolution of this matter.

May I please hear from you

Very truly yours,

T. Mark Herlihy

TMH:th

# EXHIBIT 2

Case 3:03-cv-30310-KPN     Document 31     Filed 03/17/2005     Page 6 of 11

## HERLIHY, THURSBY AND HERLIHY, LLP

COUNSELLORS AT LAW
133 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110
TELEPHONE (617) 426-6100
FAX (617) 482-0288

JOHN J. C. HERLIHY
KAREN M. THURSBY
T. MARK HERLIHY

JAMES J. WALSH
NANCY J. CAMPANY
ELLEN M. HERLIHY

March 24, 2003

John J. Carrara
Associate General Counsel
MeadWestvaco Corporation
One High Ridge Park
Stamford, CT 06905

**RE:  Termination of Steven A. Hall**

Dear Attorney Carrara:

I have reviewed the videotape and discussed it with my client. As you know from reviewing the medical records of Dr. Conforti, on the day of the surveillance, Mr. Hall was prohibited from doing any kind of work at MeadWestvaco by his treating physician, but was allowed to do light, part time administrative work for his volunteer work at the Fire Department. Dr. Conforti's note dated July 25, 2002 specifically notes an anticipated return to the Mill in four weeks and prohibits "strenuous activity in his work at the Fire Department, including wearing heavy equipment". Mr. Hall was merely assisting an EMT bring some light weight defibrillators into the house for the EMT's to use in treating a heart attack victim.

Please advise if MeadWestvaco is willing to reinstate Mr. Hall to his former position and make him whole for any benefits he has lost.

May I please hear from you.

Very truly yours,

T. Mark Herlihy

TMH:th

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION          CIVIL ACTION NO. 03-30310-KPN

| | |
|---|---|
| STEVEN A. HALL,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| MEADWESTVACO CORPORATION,<br>    Defendant | )<br>) |

**PLAINTIFF, STEVEN A. HALL'S ANSWERS TO
DEFENDANT MEADWESTVACO CORPORATION'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF**

\* \* \*

9. Please identify by name, address and telephone number all companies and other businesses to which you have applied for employment since your separation from employment with Defendant and for each company or business listed, provide the name of the individual who interviewed you for the position, the pay for that position, the title and responsibilities of that position, whether you were offered a job with that company or business, stating the date on which such offer was made, and whether you held a job with that company or business, and if so, for how long.

**Answer**

    a. Sweatland/Payless Oil, 25 Industrial Drive, Pittsfield, MA 01201, John Bates, General Manager - (413)-443-6461, needed part-time temporary (seasonal) help as an oil burner apprentice. Worked part-time as needed in November, 2002, December, 2002 and January, 2003 @ $11./hour. Was not offered a part-time or full time job after this time.

    b. A-1 Security, Maple Avenue, Great Barrington, MA 01230, Jeff Mason, owner (413) 528-9955, applied for alarms installer helper - didn't want to hire "a friend" that he was on the fire department with.

    c. Lenox Fire Department, 6 Walker Street, Lenox, MA 01240 (413) 637-2347, Chief Daniel Clifford, Applied for Firefighter/EMT position at $11/hour in September, 2002, position was 12 hours every other Saturday and on-call as needed. Still employed in this position.

     d.    Lenox Ambulance Squad, 6 Walker Street, Lenox, MA 637-5544, interviewed by Town Manager Gregory Federspiel, Chief Clifford, Chris Long and Louise Lis, $11/hour, job awarded to another applicant.

     e.    Great Barrington Fire Department, 20 Castle Street, Great Barrington, MA (413)528-0788, part-time Fire Inspector; interviewed by Fire Chief Harry Jennings and Town Manager Burke LaClair, position paid $14 to $15/hour, job awarded to another applicant.

     f.    Piontek Electric, Front Street, Housatonic, MA (413) 274-, applied to Ted Piontek (Personal acquaintance and former landlord) inquiring whether he was looking for an apprentice or helper.  He did not need a helper at the time - June 2003.

     g.    Great Barrington Police Department, Main Street, Great Barrington, MA (413) 528-0308 - December, 2002, part-time police officer for patrols and police work.  Called Chief William Walsh - did not get interviewed - did not get application in before cut-off date - not sure of $/hour.

     h.    Henry's Electric, 252 Main Street, Lee, MA (413) 243-0690, Scott LePrevost, owner - applied for electrical helper position in June, 2003.  Began employment in June, 2003 @ $10/hour, reviewed in July, 2003 to $11/hour, reviewed October, 2003 to $12/hour, presently employed at $12.50/hour.

* * *

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS DAY Sept_____, _5th__, 2004.

                               /s/ Steven Hall_____
                               Steven Hall

Objections:

/s/ T.Mark Herlihy_____
T. Mark Herlihy (BBO #231530)
HERLIHY, THURSBY, & HERLIHY, LLP
133 Federal Street
Boston, Massachusetts 02110
(617) 426-6100

CERTIFICATE OF SERVICE

I, T. Mark Herlihy, hereby certify that I have this day, March 16, 2005, served a copy of the foregoing,

**AFFIDAVIT OF T. MARK HERLIHY IN SUPPORT OF PLAINTIFF, STEVEN A. HALL'S OPPOSITION TO MOTION IN LIMINE OF DEFENDANT, MEADWESTVACO CORPORATION TO PRECLUDE TESTIMONY REGARDING WAGES LOST FOLLOWING 'UNCONDITIONAL OFFER OF REINSTATEMENT'**,

With attached exhibits 1, 2, and 3,

by mailing same, postage prepaid, to:

COUNSEL FOR DEFENDANT:

Jay M. Presser (BBO # 405760)
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, MA 01144
(413)737-4753

_____
T. Mark Herlihy, Esq.