UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN HALL, Plaintiff

v.

MEADWESTVACO CORP., Defendant

Civil Action No. 03-30310-KPN

MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY REGARDING WAGES LOST FOLLOWING UNCONDITIONAL OFFER OF REINSTATEMENT (Document No. 21)
March 23, 2005

NEIMAN, U.S.M.J.

The trial is this matter is set to begin on March 28, 2005. MeadWestvaco Corp. ("Defendant") has moved to prohibit at trial "all testimony, questioning, evidence or references as to any and all alleged damages suffered by Steven Hall ("Plaintiff") following his refusal to accept an unconditional offer of reinstatement in December of 2004." (Defendant's Motion at 1.) Upon hearing oral argument at yesterday's final pretrial conference, the court was prepared to consider Defendant's reinstatement offer as a factual issue to be resolved at trial. For the following reasons, however, the court will assume that the reinstatement offer was in fact unconditional but will nonetheless deny Defendant's motion as a matter of law.

Defendant concedes that its motion is based on *Ford Motor Co. v. Equal Employment Opportunity Comm'n*, 458 U.S. 219 (1982), a job-loss case arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), not the

Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA"), the operative statute here. In *Ford Motor Co.*, the Supreme Court held that "a Title VII claimant's rejection of a defendant's [unconditional] job offer normally ends the defendant's ongoing responsibility for backpay." *Id.*, 458 U.S. at 241. While Defendant has cited no decision applying this rule in an FMLA case, the court will assume that it applies to the case at bar, an FMLA termination matter. *See Sherman v. AI/FOCS, Inc.*, 113 F. Supp. 2d 65, 75 (D. Mass. 2000) (mentioning *Ford Motor Co.* in FMLA case); *Barrilleaux v. Thayer Lodging Group, Inc.*, 1998 WL 614181, at *2 (E.D. La. Sep. 10, 1998) (noting that First Circuit has found parallels between FMLA and Title VII and, thus, "see[ing] no reason why [the *Ford Motor Co.*] analysis should not apply to a claim pursuant to the FMLA") (citing *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 160 (1st Cir. 1998)).

Nonetheless, the court finds that Defendant's December 15, 2004 offer of reinstatement is too late as a matter of law to justify the interposition of the *Ford Motor Co.* rule allowing a defendant employer, in certain circumstances, to cut off the ongoing accrual of damages. As *Ford Motor Co.* recognizes, the purpose of the rule is "to encourage . . . defendants *promptly* to make curative, unconditional job offers to . . . claimants, thereby bringing defendants into voluntary compliance and ending discrimination *far more quickly than could litigation proceeding at its often ponderous pace*." *Id.*, 458 U.S. at 228 (emphasis added) (reviewing reinstatement offers made before suit commenced). Unfortunately, promptness was not further defined by the Supreme Court. Defendant suggests that a reinstatement offer can be made at any time and that a defense to accruing damages can thereafter be used at trial. The court does not fully agree.

While a defendant employer certainly can make an unconditional offer of reinstatement at any time, it cannot similarly expect to get the advantage of the rule at all times. In the court's view, the *Ford Motor Co.* rule is an "affirmative defense" which falls within Rule 8(c)'s residuary clause insofar as it "shares the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to." *Jakobsen v. Mass. Port Auth.*, 520 F.2d 810, 813 (1st Cir. 1975). *See Giandonato v. Sybron Corp.*, 804 F.2d 120, 122 (10th Cir. 1986) (describing *Ford Motor Co.* rule as an affirmative defense). In essence, it appears that Rule 8(c) provides the proper context in which an offer's promptness is to be measured.

Here, Defendant did not assert in its answer an affirmative defense grounded in the *Ford Motor Co*. rule. Granted, Defendant's answer did raise the affirmative defense of "mitigation," *see Jones & Jones v. Pineta & Pineta*, 22 F.3d 391, 400 (1st Cir. 1994) (failure to mitigate is an affirmative defense), but that defense, while related, is quite distinct from the unconditional offer defense mentioned in Defendant's motion in limine. Since the *Ford Motor Co.* defense was not raised in Defendant's answer, it would appear to be deemed waived. *See* Fed. R. Civ. P. 8(c)

To be sure, there are certain exceptions to waiver, *i.e.*, when "(i) the defendant asserts [the defense] without undue delay and the plaintiff is not unfairly prejudiced by any delay, or (ii) the circumstances necessary to establish entitlement to the affirmative defense did not obtain at the time the answer was filed." *Davignon v. Clemmey*, 322 F.3d 1, 15 (1st Cir. 2003) (citations omitted). Those exceptions, in the court's opinion, do not apply here.

With regard to the first exception, the reinstatement offer came late, i.e.,

twenty-eight months after Plaintiff's termination, one year after the complaint was filed, and five days after the trial date was set. This is not to say, as Plaintiff implies, that the timing of Defendant's reinstatement offer was a nefarious litigation tactic. *Compare Hogan v. Bangor & Aroostook R. Co.*, 61 F.3d 1034, 1038 (1st Cir. 1995) (affirming lower court's determination that defendant's reinstatement efforts made after suit had been filed and culminating in reinstatement during trial "was a litigation tactic, and untimely to boot"). The court is simply saying that the offer came too late to be used as a defense. Rule 8(c) "is designed to provide plaintiffs with adequate notice of a defendant's intention to litigate an affirmative defense, thereby affording an opportunity to develop any evidence and offer responsive arguments to the defense." *Davignon*, 322 F.3d at 15. Since Defendant's offer was not made until after the close of discovery, Plaintiff, for example, is unable to test whether the offer is truly "unconditional." *See Hogan*, 61 F.3d at 1038. Thus, Plaintiff will be unfairly prejudiced should the defense be allowed to proceed at trial.

The court is also not convinced that the second exception to waiver even applies in this case. Yet were it to apply, there is no reason why Defendant could not have made its reinstatement offer in a more timely manner. Defendant was no doubt alerted to the issue when Plaintiff specifically requested "reinstatement" as a form of relief in his complaint. (See Complaint at 2.) This, however, did not trigger an unconditional offer of reinstatement. Moreover, as indicated, Defendant's answer did not mention, let alone imply, that Plaintiff's damages should be limited in the manner now sought. In the end, the court has little choice but to conclude that the affirmative defense has been waived.

The court is prepared to work out the logistics of how Plaintiff's damages, if any,

will be determined at trial and, in turn, the manner in which Defendant's appellate rights may be preserved. The court will address these issues at 9:00 a.m. on March 28th. For present purposes, however, Defendant's motion in limine is DENIED.

IT IS SO ORDERED.

DATED: March 23, 2005

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge