UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN A. HALL,

          Plaintiff,

vs.

MEADWESTVACO CORPORATION,

          Defendant.

CIVIL ACTION NO. 03-30310-KPN

**REQUEST FOR AMENDED INSTRUCTION**

Defendant, MeadWestvaco Corporation has submitted a proposed jury instruction that, consistent with its Motion in Limine to exclude Evidence of Damages after an Unconditional Offer of Reinstatement, asked that the jury be instructed to calculate lost wages from the date of termination until December 31, 2004, the deadline set (Requested Instruction No. 8) for Plaintiff to accept an unconditional offer to return to work.

That requested Motion in Limine was denied by the Court on March 23, 2005. The order assumed that the reinstatement order was, in fact, unconditional, but in effect, held that as a matter of law, whether the December 2004 unconditional offer tolled the accrual of backpay was waived when, in it's Answer filed in March of 2004, the Defendant had raised an affirmative defense of a failure to mitigate[1], but had not set forth, as a separate Affirmative Defense,

---

[1] The Answer stated: Plaintiff has failed to mitigate his alleged damages, has failed to exercise reasonable diligence in seeking comparable employment, and thus is barred from collecting backpay, benefits, and other damages.

the Plaintiff's Failure to Accept an Unconditional Offer To Return to Work.[2] The failure to do so, the court found, constituted a waiver of the Defendant's right to use the Ford Motor Company "defense"[3].

For the reasons cited below, Defendant submits that the Court's Order of March 23, 2005 is in error. The basic question when determining a backpay issue is a determination of when the backpay period begins and when it ends. The issue is the appropriate period. Contrary to the court's central finding, there is no legal requirement to state, as an affirmative defense, that the backpay period ceases when the Plaintiff declines an unconditional offer to return to work. The Ford Motor Company decision did not, as the court has now determined, create a new "rule" that established a new "affirmative defense" (distinct from the duty to mitigate, which was, as the court acknowledges, properly pled) subject to waiver under F. R. Civ. P. Rule 8(c).[4]

The Ford principle was not a new development in the law. Rather, long before Ford, cases under the National Labor Relations Act, upon which Title VII's

---

[2] Obviously, the Unconditional Offer to Return to Work was made many months after the Answer was filed.

[3] Indeed, the court's ruling would seemingly negate any post-Answer affirmative defense. Thus, Defendant could not, in good faith, plead that Plaintiff failed to accept an offer of reinstatement, prior to making one. That would always be the case when the offer occurred after the filing of the Answer. Such a result, which could only discourage post-Answer unconditional offers of employment, would be contrary to the goals that precipitated the decision in Ford. While a Defendant could seek to amend an Answer, presumably the offer would have to be made before and such amendment, which could, of course, be denied.

[4] Defendant points out that Plaintiff had not raised such an argument in his Opposition to the Motion in Limine. Nor was the issue of whether the "Ford" principles had to be separately pled raised by either the Plaintiff or the court during the hearing on the Motion in Limine.

remedial provisions were initially based, held that as a general proposition the backpay period began with the unlawful termination and ended with an unconditional offer of reemployment. Thus, well before Ford, courts had found that "[a]n employer may toll its backpay liability by offering reinstatement to employees improperly dismissed" by offering "a full and unconditional offer of reinstatement to the employee's former position. Oil Chemical & Atomic Workers International Union v. NLRB, 547 F.2d 598, 601 (D.C. Cir. 1976), *cert denied*, 429 U.S. 1078 (1977); Hydro-Dredge Accessory Co., 215 NLRB 138 (1974)"; Cannova v. National Labor Relations Board, 708 F.2d 148 (1983). *See, also*, NLRB v. Izzi, 395 F.2d 241 (1st Cir. 1968) (when employer offered unconditional reinstatement if accepted in a week, no further backpay was available to those who failed to respond. This was true even though employees who may have been employed elsewhere at the time may have had understandable reasons for not wanting to accept the offer.) This principle that the backpay period stopped with an unconditional offer has been applied even when the offer of reinstatement was made during the course of the trial! *See, e.g.*, Boyer Ford Trucks, Inc. v. NLRB, 757 F.2d 961 (8th Cir. 1985).

    The same principles had been used to determine when the potential backpay accrual stopped in cases arising under Title VII, even prior to Ford. *See, e.g.*, Claiborne v. Illinois Cent. R. R., 583 F.2d 143, 153 (5th Cir. 1978). Indeed, the actual issue in Ford was whether the Company's offer, *made two years after the initial allegedly discriminatory decision*[5], was sufficient to stop the

---

[5]The offer here came only minimally later, only a month after Plaintiff's deposition

3

backpay period at that point. Indeed, in <u>Ford</u> both the EEOC and the Defendant Company acknowledged, as they had in the lower court, that generally an unconditional offer would stop the accrual of backpay liability. The dispute between the parties was only over whether such an offer had to include a promise to restore seniority. The EEOC clamed that an offer without such a specific promise was insufficient, Ford claimed it was sufficient and that such disputes could be determined following the trial. The Court was simply determining "which of these two standards" better coincided with the objectives of Title VII, and found that a policy that did not require the offer to include restoration of seniority furthered the goal of prompt resolution. <u>Id</u>. at 228. The court found that a "rule tolling further accrual of backpay liability if the defendant offers the claimants the job originally sought" serves the statute's purpose. Nowhere did the court indicate that the rule its adopting required that such an offer had to be made within a certain time period, or more relevantly to this court's order, that it was creating a new "affirmative defense"[6] that was waived if not pled.

The Defendant submits that the correspondence produced to the court and verified by affidavit, demonstrates that an unconditional offer was made and not accepted. The Plaintiff's did not produce any evidence that would even create an issue of fact over whether the refusal to justify the refusal was

---

and only weeks after an unsuccessful effort to resolve the litigation.

[6]The Supreme Court has, on occasion, explicitly done just that. See, <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 807 (1998) ("When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, see, Fed. Rule Civ. Proc. 8(c).").

4

appropriate and, therefore, the court should, as a matter of law, toll the backpay period as of December 31, 2004. See, e.g., Robles v. Cox & Company, 154 F. Supp. 795 (S.D.N.Y. 2001). Therefore, it submits that its original Proposed Jury Instruction No. 8 should be utilized.

Without waiving its position above, however, the Defendant, while recognizing that this alternative request is inconsistent with the rationale of the court's March 23, 2004 order, Defendant hereby requests that a minimum this this alternate instruction should be given should the court refuse to give the original instruction requested:

<u>DEFENDANTS' ALTERNATE REQUESTED JURY INSTRUCTION NO. 8</u>
<u>REJECTION OF OFFER OF REEMPLOYMENT</u>

I can inform you that in December of 2004 Defendant made an unconditional offer to allow Plaintiff to return to his prior position, earning the same pay as other employees performing beater engineer work, and under the same terms and conditions that existed when he was terminated. Plaintiff did not accept that offer. Unless you conclude that Plaintiff has proven that there were special circumstances that made it objectively reasonable for him to reject the offer of reinstatement, you cannot compensate him for backpay after December 31, 2004. In assessing whether such special circumstances existed, the fact that the job at the mill, with its rotating shifts, is difficult, cannot justify the rejection of the offer since that was the job from which he was terminated. Similarly, the fact that he was working at another job when the offer was made is not a sufficient reason to reject the offer and seek backpay beyond that period.

Nor is an unsubstantiated concern that he could be terminated be justification for not accepting.

Ford Motor Co. v. E. E. O. C., 102 S. Ct. 3057, 73 L.Ed.2d 721 (1982); Lightfoot v. Union Carbide, 100 F.3d 898, 909 ("is a matter of law that a commitment to a new employer does not preserve the employee's right to recover backpay for discriminatory termination from a previous employer", citing, Ford. . . . The claimant who [rejects an offer of reinstatement in favor of remaining in a replacement job] does so ... not because [the previous job] provides inadequate compensation, but because the value of the replacement job outweighs the value of the defendant's job supplemented by the prospect of full court-ordered compensation."). Brady v. Nestor, 398 Mass. 184, 189, 496 N.E.2d 148 (1986); Ford Motor Co. v. E. E. O. C., 102 S. Ct. 3057, 73 L.Ed.2d 721 (1982); Ouillette v. Sheerin, 297 Mass. 536, 543, 9 N.E.2d 713, 717 (1937); Burnham v. Mark IV Homes, Inc., 387 Mass. 575, 586, 441 N.E.2d 1027, 1033 (1982); see, Giandonato v. Sybron Corp., 804 F.2d 120, 123 (10th Cir. 1986). See, Fiedler v. Indianhead Touch Line, Inc., 670 F.2d 806, 808-09 (8th Cir. 1982) (an employee's refusal of employer's good faith offer of reinstatement terminates accrual of damages); Cowan v. Standard Brands, Inc., 572 F. Supp. 1576 (N.D. Al, S.D. (1983)) (an employer can cut off all claims of a terminated employee for backpay by unconditionally offering the employee a job comparable to the job from which he was terminated, citing, Ford Motor Co.).

Given as requested  _____
Given as modified  _____
Refused                    _____
Withdrawn              _____

_____
UNITED STATES DISTRICT COURT JUDGE

Respectfully Submitted,

__/s/ Jay M. Presser, Esq.__
Jay M. Presser, Esq.
BBO #405760

6

|  |  |
|---|---|
|  | /s/ Amy B. Royal, Esq. |
|  | Amy B. Royal, Esq. |
|  | BBO #647175 |
|  | Counsel for Defendant |
|  | Skoler, Abbott & Presser, P.C. |
|  | One Monarch Place, Suite 2000 |
|  | Springfield, Massachusetts 01144 |
| Dated: March 28, 2005 | Tel. (413) 737-4753/Fax: (413) 787-1941 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Request for Amended Instruction* was filed at trial and delivered in hand to the attorney of record for each other party on March 28, 2005.

/s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.

Amended Instruction regarding Offer.doc