UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEVEN HALL, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No.  03-30310-KPN |
| | ) | |
| | ) | |
| | ) | |
| MEADWESTVACO CORP., | ) | |
| Defendant | ) | |

JURY INSTRUCTIONS
March 31, 2005

1.    It is now my duty to instruct you as to the law which applies to this case. I urge you to pay close attention. You will also have a copy of the instructions in the jury room with you. The instructions cover four subject areas -- general comments; evidence; the burden of proof; and the Family and Medical Leave Act claim in the case.

**I. GENERAL COMMENTS**

2.    You have been chosen and sworn as jurors to try the issues of fact presented in this case by the complaint of the plaintiff, Steven Hall (sometimes referred to as "Plaintiff"), and by the answer of the defendant, MeadWestvaco Corp. (sometimes referred to as "Defendant"). You are to perform your duty without bias or prejudice to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the

court, and reach a just verdict, regardless of the consequences. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

3.    It is also your duty as jurors to follow the law as stated in my instructions and to apply the rules of law to the facts as you find them from the evidence. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

4.    Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion might be. It is not my function to determine the facts. It is yours.

5.    During the course of the trial, I may have occasionally asked questions of a witness in order to bring out facts not then fully covered in the testimony. Do not assume that I hold any opinion on the matters to which my questions may have related.

6.    As I indicated in my instructions at the beginning of the case, it is the duty of each attorney to object when the other side offers testimony or evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections or because of my ruling on any objection.

## II. EVIDENCE

7.    Statements and arguments of counsel are not evidence in the case nor shall those statements or arguments be considered accurate instructions on the law.

8.    Similarly, any evidence as to which I sustained an objection, and any evidence I ordered stricken, must be entirely disregarded by you in your deliberations.

2

9.     In addition, unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

10.     As I previously explained, there are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts.  One is direct evidence -- such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accord with the preponderance of all the evidence, both direct and circumstantial.  In a moment, I will give you several particular instructions regarding direct and circumstantial evidence in a case such as this.

11.     The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all documents and other exhibits received in evidence, regardless of who may have produced them; all facts which may have been admitted or stipulated; and all facts and evidence which may have been judicially noticed.

12.  As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it. At times during the trial I have sustained objections to questions asked without permitting the witness to answer or, where an answer has been made, have instructed that it be stricken from the record and that you disregard it and dismiss it from your minds.  You may not draw any inference from an unanswered question nor may you speculate as to what the witness would have said if the witness had been permitted to

3

answer the question.

13.    In determining what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give to his or her testimony. There is no magical formula by which one may evaluate testimony. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given. You should carefully scrutinize the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. In addition, in your consideration of the evidence, you are permitted to draw such reasonable inferences as seem justified in the light of your experience.

## III. BURDEN OF PROOF

14.    The burden is on a plaintiff to prove by a preponderance of the evidence every essential element of his claim. In addition, a defendant bears the burden of proving by a preponderance of the evidence every essential element of any affirmative defense. These terms will be described more fully below. For now, however, I instruct you that to establish each element of a claim or of an affirmative defense "by a preponderance of the evidence" means to prove that something is more likely so than not so.

15.    In determining whether any essential element has been proven by a preponderance of the evidence in this case, you may consider, unless otherwise instructed, the evidence I spoke of above -- sworn testimony, exhibits, stipulated facts, etc. In reaching your verdict, you should give to this evidence whatever weight you

4

deem proper.

## IV. FMLA CLAIM

A. Introduction

16.     As I told you at the start of the trial, this is a Family and Medical Leave Act ("FMLA") action brought by Steven Hall against MeadWestvaco Corp. The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the Act. In other words, the FMLA prohibits action by an employer to discriminate or retaliate against an employee for exercising rights created by the statute. Defendant disputes the merits of Plaintiff's FMLA claim. I will now instruct you as to the two essential elements of Plaintiff's claim: liability and damages.

B. Liability

17. The FMLA allows eligible employees to take up to twelve weeks of unpaid leave for certain reasons. These reasons may include taking care of matters relating to an employee's own serious health condition. Under the FMLA, the phrase "serious health condition" is defined as an injury, impairment or physical condition involving either inpatient care or continuing treatment by a health care provider.

18.     If an employee claims that his FMLA leave is required for his own serious health condition, he must submit a complete certification signed by a healthcare provider. An employer who has reason to doubt the validity of the medical certification may require the employee to obtain a second opinion at the employer's expense. If the opinions of the employee's and the employer's designated health care providers differ, the employer may require the employee to obtain certification from a third health

5

provider, again at the employer's expense. This third opinion shall be final and binding. These procedures apply only to FMLA leave. As a general rule, an employee is entitled to return to his or her own position, or a comparable position, following an FMLA leave of absence.

19.    Here, Plaintiff claims that Defendant discriminated and/or retaliated against him because he exercised his FMLA rights. Specifically, Plaintiff claims that he was not allowed to return to his job and was terminated following the expiration of his FMLA leave for a serious health condition.

20.    To recover on such a claim, an employee must prove the following six elements by a preponderance of the evidence:

1. that he was eligible for FMLA leave;

2. that he had an injury or illness;

3. that his injury or illness constituted a "serious health condition";

4. that he was absent from work because of that serious health condition;

5. that he received treatment and was able to return to work and perform the functions of his job before the expiration of the leave period; and

6. that the employer refused to reinstate him to the same or an equivalent position held by him when the absence began.

Here, as it turns out, Defendant does not contest that Plaintiff has met all six elements.

21.    The right to return to work following FMLA leave, however, is not absolute. For example, an employee is not immune from a discharge for otherwise lawful reasons. Thus, an employer can discharge an employee while he is on FMLA leave and deny the employee his restoration rights if it would have acted in the same manner if the employee had not been on FMLA leave. That is exactly what Defendant asserts

6

here as an affirmative defense. Plaintiff cannot recover on his claim if you find that Defendant has proven this defense by a preponderance of the evidence.

22.    It is your task, weighing all the evidence, to determine whether Defendant has proven by a preponderance of the evidence that it terminated Plaintiff's employment because it reasonably believed he was violating its paid sick leave program and that it would have done so whether or not Plaintiff was on FMLA leave. If Defendant has proven this defense to you by a preponderance of the evidence, you must render a verdict in its favor. If not, you must render a verdict in Plaintiff's favor.

C. Damages

23.    If you find in favor of Plaintiff on the question of liability, then you must consider the question of damages. Plaintiff must prove by a preponderance of the evidence that any damages he incurred were a direct consequence of Defendant's unlawful act. Only actual damages are recoverable; damages cannot be based on speculation or guesswork.

24.    Plaintiff's claimed damages consist of the amount of any wages, salary, and employment benefits he would have earned from Defendant through December 31, 2004, had Plaintiff not been discharged on September 12, 2002, minus the amount of earnings and benefits from other employment received by Plaintiff during that time. In reaching this figure, you are directed to the parties' stipulation that $52,790.22 represents the amount of salary and/or wages Plaintiff would have earned from Defendant from September 12, 2002, through December 31, 2004, had he not been discharged, less the amount he actually earned from other employers or received in unemployment compensation during that time. You are also directed not to consider

7

any damages which may have occurred after December 31, 2004.

      25.     In determining damages, you must also consider whether Plaintiff made every reasonable effort to minimize or reduce his damages by seeking other employment. This is referred to as mitigation of damages. Be aware that it is Defendant's burden to prove by a preponderance of the evidence that Plaintiff failed to mitigate his damages. Accordingly, if you determine that Plaintiff is entitled to damages and that Defendant has met its burden of proof with respect to mitigation, you must indicate on the verdict form what dollar amount, if any, should be subtracted from Plaintiff's damages to account for Plaintiff's failure to mitigate his damages from September 12, 2002, through December 31, 2004.

      26.     The fact that I have instructed you as to how to calculate damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance in the event you should find in favor of Plaintiff from a preponderance of the evidence on his FMLA claim and in accordance with the other instructions I have given.

## V. CONCLUSION

      27.     That completes my instructions to you. Special verdict questions have been prepared for your convenience. You will take the form containing these questions, along with a copy of these instructions, with you to the jury room, where you will deliberate with a view towards reaching a unanimous answer to each question. Follow the directions on the form, as they will explain to you how, and in what order, to answer the questions.

**[READ SPECIAL VERDICT FORM]**

8

28.     The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question, and will date and sign the special verdict form when completed. When you have reached unanimous agreement as to each question on the special verdict form, you will have your foreperson fill in, date and sign the form at the bottom of the last page.  Then, you will return to the courtroom and render your verdict to the court.

Go now and begin your deliberations.