```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION           CIVIL ACTION NO. 03-30310-KPN
```

| | |
|---|---|
| STEVEN A. HALL, | ) |
|     Plaintiff | ) |
| v. | ) |
| MEADWESTVACO CORPORATION, | ) |
|     Defendant | ) |

### PLAINTIFF, STEVEN A. HALL'S MOTION TO AMEND JUDGMENT PURSUANT TO F.R.C.P. 52(b)

Steven A. Hall, the plaintiff in the above encaptioned matter, hereby moves this Court to amend the judgment entered April 6, 2005, as follows:

INTEREST
As to the entire judgment, the plaintiff moves the judgment be amended to include prejudgment interest as provided for in 29 U.S.C. § 2617 and as requested in plaintiff's complaint; and

LIQUIDATED DAMAGES
As to the decision by the Court entering judgment for the defendant on the issue of liquidated damages based upon the Court's implicit finding that the defendant has met its burden of proving that the violation of FMLA found by the jury was committed in good faith and based upon reasonable grounds to believe that it was not a violation of the FMLA, the plaintiff moves that the Court finding be set aside and judgment enter for the plaintiff on the issue of liquidated damages.

As grounds therefore, the Plaintiff states as follows:

INTEREST

Section 2617 of 29 U.S.C. provides that an employer who is found to have violated FMLA SHALL be liable for damages equal to, inter alia, any lost or denied wages, salary, employment benefits, or other compensation, plus interest on these amounts at the prevailing rate. Consistent with these provisions, interest was included as part of plaintiff's demand on Count I of his complaint. The jury verdict rejecting defendant's affirmative defense conclusively established plaintiff's right to interest on his damages. To the extent that the

failure to mention prejudgment interest in the April 6, 2005 judgment, while including a reference to the post judgment rate, indicates that prejudgment interest will not be included in the judgment, the plaintiff moves that the judgment be amended to reflect interest on the amount awarded at the prevailing rate as required by 29 U.S.C. § 2617(a)(1)(A)(ii).

LIQUIDATED DAMAGES

>   Section 2617(a)(1) of 29 U.S.C. provides in pertinent part:
>
>   (1) Liability
>   Any employer who violates section 2615 of this title shall be liable to any eligible employee affected -
>       (A) for damages equal to -
>           (i) the amount of -
>               (I) any wages salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; * * *
>           (ii) the interest on the amount described in clause (i) calculated at the prevailing rate; and
>           **(iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who had violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively;…**

29 U.S.C. § 2617(a)(1)(A)(iii) presumes a prevailing FMLA plaintiff is entitled to liquidated damages unless the court finds the defendant has acted in good faith AND with reasonable grounds for believing it was not in violation of the Act.  See e.g. <u>Arban</u> v. <u>West Publishing Corp.</u>, 345 F.3d 390, 408 (6th Cir. 2003)(construing similar provision of the FLSA). The Act gives the court the duty of determining

whether the defendant has met its burden of proof on this issue and if so, grants the court discretion to reduce the damages to single damages. Under the terms of the FMLA, unless findings of good faith and reasonableness are made, liquidated damages MUST be awarded.

At the conclusion of the evidence the court instructed the jury as follows with respect to the defendant's affirmative defense:

> 21.   The right to return from work following FMLA leave, however, is not absolute.  For example, an employee is not immune from a discharge for otherwise lawful reasons. Thus, an employer can discharge an employee while he is on FMLA leave and deny the employee his restoration rights if it would have acted in the same manner if the employee had not been on FMLA leave. That is exactly what Defendant asserts here as an affirmative defense.  Plaintiff cannot recover on his claim if you find that Defendant has proven this defense by a preponderance of the evidence.
>
> 22.   It is your task, weighing all the evidence, to determine whether Defendant has proven by a preponderance of the evidence that it terminated Plaintiff's employment because it reasonably believed he was violating its paid sick leave program and that it would have done so whether or not Plaintiff was on FMLA leave.  If Defendant has proven this defense to you by a preponderance of the evidence, you must render a verdict in its favor.  If not, you must render a verdict in Plaintiff's favor.

After due deliberations, the jury responded to the following question in the negative:

> 1.    Has Defendant proven by a preponderance of the evidence that it terminated Plaintiff's employment because it reasonably believed he was violating their paid sick leave program and that it would have done so whether or not Plaintiff was on Family and Medical Leave Act ("FMLA") leave?

By finding as it did, the jury determined as a fact that MeadWestvaco's stated reason for firing the plaintiff was a pretext and that he was actually fired for taking FMLA leave.  The jury simply did not believe the defendant's stated reason for firing the plaintiff,

i.e., that MeadWestvaco fired the plaintiff because he was violating an existing paid leave policy.  The only basis upon which the Court could have reduced the plaintiff's award to single damages under the statute is if the Court, contrary to the jury, believed that the defendant fired the plaintiff for violating a paid leave policy.  A finding contradicting the jury's verdict on a common question of fact, however, is an impermissible abuse of discretion. See Perdoni Brothers, Inc. v. Concrete Systems, Inc., 35 F.3d 1, 5 (1st Cir. 1994)("[W]hen a party has a right to a jury trial on an issue involved in a legal claim, the judge is of course bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim.")(citations omitted).  See e.g. Arban v. West Publishing Corp., 345 F.3d 390, 408 (6th Cir. 2003)("In this case, the district court disregarded the jury's finding--that West's decision to fire Arban was a result of his medical leave and not his misconduct--in considering the liquidated damages issue.  Instead the district court made its own contrary finding, which served as the basis for its denial of liquidated damages.  This was error.  The district court thus abused its discretion when it denied Arban liquidated damages.").

　　　The denial of an award of liquidated damages to the plaintiff implies not only that the court believed the defendant's stated reasons for firing the plaintiff, but further implies a determination, again contrary to the jury, that MeadWestvaco had a reasonable basis for believing the plaintiff was in fact violating an existing paid leave program.  Given the evidence at trial that the defendant had no written documentation of any policy which limited entitlement to paid leave to

situations of total disability, that the plaintiff was never given any notice of such a policy, but was in fact provided with documents which indicated his paid leave was commensurate with his FMLA leave, see exhibits 1 and 8, and further that the defendant never made any attempt to clarify the plaintiff's actual medical condition before summarily firing him based upon lay opinions as to the extent of his disability, the jury's rejection of the defendant's reason for firing the plaintiff, as well as its rejection of any argument that the defendant acted reasonably, are amply supported.

The jury's answer to question 1 precludes any finding of reasonableness or good faith and conclusively establishes the plaintiff's entitlement to liquidated damages. The implied findings of fact which form the basis of the court's denial of liquidated damages unjustly deprive plaintiff of his right to jury trial and his full rights under the FMLA.

WHEREFORE, the plaintiff respectfully requests the judgment be amended to include prejudgment interest at the prevailing rate and an award of liquidated damages in the amount of $60,321.83, plus the amount of prejudgment interest.

```
                              The Plaintiff,
                              By his attorneys,


                              /s/ T. Mark Herlihy
                              T. Mark Herlihy (BBO #231530)
                                  (mherlihy@hthlaw.com)
                              Karen M. Thursby (BBO #497570)
                                  (kthursby@hthlaw.com)
                              HERLIHY, THURSBY, & HERLIHY, LLP
                              133 Federal Street
                              Boston, Massachusetts 02110
                              (617) 426-6100
```