*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

STEVEN A. HALL,

Plaintiff,

vs.

MEADWESTVACO CORPORATION,

Defendant.

CIVIL ACTION NO. 03-30310-KPN

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND JUDGMENT PURSUANT TO F.R.C.P. RULE 52(B)**

## I. Introduction

This case proceeded to four days of trial based on Plaintiff, Steven A. Hall's, claims under the Family and Medical Leave Act ("the FMLA"), 29 U.S.C. § 2601, et. seq. Prior to the trial the parties agreed that certain issues would be tried to the jury, and others to the court. Thus, it was agreed, *inter alia*, that the jury would deliberate putative damages through December 31, 2004, and that the court would make any determinations *vis a vis* damages between January 1, 2005 and the conclusion of the trial.[1] It was also agreed that that the Court would make all determinations relative to the imposition of liquidated damages and reinstatement and/or front pay.[2]

At the conclusion of closing arguments, the court submitted a Special Verdict form to the Jury which contained only a single question relating to liability. The court,

[1]This provided a convenient manner to segregate damages in the event of a successful appeal to the court's determination that the Defendant would not be able to raise Plaintiff's refusal of an unconditional offer of reinstatement as a basis for mitigation of damages. Thus, even if the unconditional offer curtailed the accrual of further liability, as Defendant contended, the jury award would be unaffected.

[2]Defendant had submitted that the issue of liquidated damages was, by virtue of the statute, within the purview of the trial judge alone, as discussed further below. It likewise contended that the determination of whether frontpay was appropriate was likewise a decision for the court, not the jury.

during the course of the trial, had determined that burden of proof was on the Defendant to demonstrate that its termination of the Plaintiff was lawful. Thus, the jury was asked to determine:

> Has the Defendant *proven by a preponderance of the evidence* that it terminated Plaintiff's employment because it reasonably believed he was violating their paid sick leave and that it would have done so whether or not Plaintiff was on Family and Medical Leave Act ("FMLA") leave? (emphasis added).[3]

Significantly, no special verdict question was presented to the jury asking the jury to determine whether the employer had acted in good faith and/or whether the Company had reasonable grounds for believing that the act or omission was not a violation of the FMLA.[4] Moreover, Plaintiff never sought to have such questions presented to the jury. Thus, even if there had been no agreement that the court would make the determination on such matters, and even such matters could properly have been presented to the jury for determination, the Plaintiff waived its right to have a trial by jury on such matters. *See*, F.R.Civ.P. Rule 49(a).[5]

Following closing arguments to the jury, the parties made closing arguments to the court, addressing the three issues that were being submitted to the trial judge for decision: (1) damages from January 1, 2005 to the judgment; (2) front

---

[3]The remaining special verdict questions dealt with a calculation of backpay during the period prior to December 31, 2004 and issues relating to Plaintiff's alleged mitigation of damages.

[4]For simplicity, this motion, at some points, will hereafter refer to the twin factual obligation of good faith and a reasonable belief that the conduct did not violate the FMLA with the short-form of "good faith."

[5]Thus, Perdoni Brothers, Inc. v. Concrete Systems, Inc., 35 F.3d 1 (1st Cir. 1994) cited by Plaintiff, is inapposite. Based on the language of the FMLA, Plaintiff did not have a right to a jury trial on the issue of good faith. Moreover, even if he did, he did not request that the issue of

pay/reinstatement; and (3) liquidated damages. During the arguments, the Defendant, upon questioning by the court, conceded that to avoid liquidated damages the burden was on the Defendant to prove to the satisfaction of the court that its conduct which violated the FMLA was in good faith, and that the employer had reasonable grounds for believing that the act or omission was not a violation. Defendant submitted that the court should make such findings, exercise its discretion and not allow liquidated damages.

Exercising their role as factfinder the jury found that the Defendant had not proven its unrelated justification for termination “by a preponderance of the evidence." The jury, in the exercise of their role as factfinder, also found that Plaintiff had not failed to mitigate his damages, notwithstanding Plaintiff’s acknowledgement that he did not seek similar demonstrated vacancies in other papermills because he "had had enough" of working rotating shifts.

The court exercising its appropriate role made a factual determination and ordered backpay from January 1, 2005 through the date of judgment. It also ordered that the Plaintiff be reinstated. Lastly, the court made express findings of fact finding that the Defendant had carried its requisite burdens of demonstrating to the satisfaction of the court that it acted in good faith and that it had reasonable grounds for believing that the act or omission was not a violation of the FMLA. Exercising its appropriate discretion in light of these factual findings, the court declined to order liquidated damages.

---

good faith be submitted to the jury.

Defendant did not file any post-trial motions, and has complied with the court's order of reinstatement by letter dated April 14, 2005 (attached hereto as Ex. 1).

Shortly thereafter, Plaintiff filed a Motion Under Federal Rule 52(b) seeking to have the court award prejudgment interest and, notwithstanding the court's express ruling at the conclusion of the trial, award liquidated damages. Defendant respectfully submits that it is clear under the FMLA that whether to issue an award of liquidated damages is left to the discretion of the trial court, and depends on findings of facts separate and distinct from the issues that give rise to the issue of liability.[6] The factual findings made by the court in this regard are fully supported by the record as a whole, and contrary to the assertions of Plaintiff, do not contradict the jury's factual findings.

---

[6]Any employer who violates section 2615 of this title shall be liable to any eligible employee affected:

(A) for damages equal to

(i) the amount of--

(I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or

(II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks of wages or salary for the employee;

(ii) the interest on the amount described in clause (i) calculated at the prevailing rate; and

(iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively; and

(B) for such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

Indeed, the basis for the Plaintiff's motion, that "[*b]y finding as it did, the jury determined as a fact that MeadWestvaco's stated reason for firing plaintiff was a pretext and he was actually fired for taking FMLA leave*" (Plaintiff Motion at 3), is entirely wrong. The court's findings that the Defendant met its burden of demonstrating good faith is fully supported by the trial record, and does not contradict the jury finding, which in reality was nothing more than a conclusion that Defendant had not carried its burden of proof on an issue that is clearly distinct from good faith. Indeed, a finding that the Defendant has not carried a burden of proof on any issue does not prove anything other than the Defendant did not prove that specific fact by a preponderance of the evidence. It does not control the determination of factual issues that are properly before the court. Therefore, the court's determination not to award liquidated damages should not be reversed.

As to the claim for prejudgment interest, at least insofar as liquidated damages are not granted[7], it is within the court's discretion whether to award such interest. Defendant submits that such an award would not be justified here.

**<u>II. The Court's Independent Determinations Regarding Good Faith Are Not Contrary to the Jury's Finding of Liability</u>**

It is absolutely clear that a finding of liability under the FMLA is distinct from a finding that liquidated damages are not appropriate. Thus, the FMLA, whose relief provisions are modeled on the Fair Labor Standards Act, grants to the court the role of making the requisite factual determination of good faith and, if the Employer carries its burden of proof on its twin obligations, the discretion to reject a request for liquidated

[7]As discussed below, Defendant submits that it would be inappropriate ever to give both

damages. This is not surprising in that the remedial provisions of the FMLA track those of the Fair Labor Standards Act. *See, e.g.*, Frizzell v. Southwest Motor Freight, 154 F.3d 641, 644 (6th Cir. 1998) ("Because the legislative history of the FMLA reveals that Congress intended the remedial provisions of the FMLA to mirror those in the FLSA, we infer that Congress also intended to provide a right to a jury trial for claims of damages falling under section 2617(1)(A) of the FMLA. *See,* S. Rep. No. 103-3, at 35 (1993), reprinted in 1993 U.S.C.C.A.N. 3, 37 ("[The FMLA's] enforcement scheme is modeled on the enforcement scheme of the FLSA . . . . The relief provided in FMLA also parallels the provisions of the FLSA. Section 107 provides for injunctive and monetary relief for violations of the act."); Nero v. Industrial Molding Corp., 167 F.3d 921, 928 (5th Cir. 1999) ("the remedial provision in the FLSA can aid in interpreting the similar remedial provision in the FMLA."); *See*, Thorson v. Greminin Inc., 96 F. Supp.2d 882, 890 (N.D. Iowa 1999) ("The remedies provisions of the Family and Medical Leave Act were intended by Congress to mirror those of the Fair Labor Standards Act. It is, therefore, appropriate to rely on cases interpreting the liquidated damages remedy of the FLSA when interpreting the FMLA"). *Cf.* Hillstrom v. Best Western TLC Hotel, 354 F.3d 27, 33 (1st Cir. 2003) ("There is every reason to apply this FLSA standard for willfulness to FMLA claims".)

The liquidated language provisions of the FMLA substantially parallel those of the FLSA, which at 29 U.S.C. § 260, provide that "in any action ... to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act ..., if the employer shows to the satisfaction of the Court that the

---

liquidated damages and prejudgment interest.

act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act ..., the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." The First Circuit Court has clearly determined that such language gives the trial court the authority to make an independent judgment regarding liquidated damages, stating:

> Pursuant to this provision, the district court ruled that it was "satisfied from the evidence presented by the defendants that the act or omission giving rise to the action was in good faith and that they had reasonable grounds for believing that this act or omission was not a violation of the [FLSA]." It thus refused to impose liquidated damages, exercising the discretion granted by Section 11. Although couched in different terms, the substance of the Secretary's appeal is a challenge to the exercise of this discretion by the district court. This, of course, is an uphill battle as Congress has in unambiguous language expressly granted the primary decisional power in this respect to the district court, not to the Secretary or the courts of appeal. Walton v. United Consumers Club, Inc., 786 F.2d 303, 308 (7th Cir. 1986); Bullock v. Pizza Hut, Inc., 429 F. Supp. 424, 431 (M.D.La. 1977).
>
> To find an abuse of discretion is particularly difficult when considering the findings of the district court in the light of the proscriptions of Federal Rule of Civil Procedure 52(a).

McLaughlin v. Hogar San Jose, Inc., 865 F.2d 12, 13-14 (1st Cir. 1989). Thus, the statutory construct, which requires that the employer demonstrate good faith to the satisfaction of the court to avoid liquidated damages in cases where liability has been found, demonstrates that the issues are not parallel.

Further demonstrating this obvious distinction between the factual requisites for a finding that the employer had demonstrated good faith is from the factual underpinnings relating to a finding of liability, is the fact that numerous decisions have denied

liquidated damages notwithstanding the finding of liability under the FMLA. *See, e.g.,* Dierlam v. Wesley Jessen Corp., 222 F. Supp.2d 1052, 1057 (N.D. Ill. 2002); Miller v. AT & T, 83 F. Supp.2d 700 (S.D.W.Va. 2000), *aff'd*, 250 F.3d 820 (4th Cir. 2000); Barrilleaux v. Thayer Lodging Group, Inc., Civ. No. 97-3252, 1999 U.S. Dist. Lexis 8206, *22 (E.D.La. May 25, 1999); Thorson v. Geminin, Inc., 96 F. Supp.2d 882 (N.D. Iowa 1999), *aff'd*, 205 F.3d 370, *cert. denied*, 531 U.S. 871 (2000); Estes v. Meridan One Corporation, 77 F. Supp.2d 722, 729 (E.D.Va. 1999) *aff'd*, No. 99-2662, 2001 WL 28576 (4th Cir. Mar. 23, 2001); Cavin v. Honda of America Manuf. Inc., 138 F. Supp.2d 987, 992 (S.D. Ohio 2001); Barcola v. Interim Healthcare, Inc., Nos. 01-1993, 01-1994, 2002 WL 463286, *1 (3d Cir. 2002). Thus, it is clear, the mere fact that liability is established does not establish that the court cannot, exercising its statutory role, determine that liquidated damages should be eliminated.

Plaintiff's motion does not directly attack the adequacy of the factual record that, in fact, fully support the court's factual determinations of good faith. Rather, Plaintiff asserts that "the jury's answers to question 1 precludes any finding of reasonableness or good faith and conclusively establishes the plaintiff's entitlement to liquidated damages." Plaintiff's Motion at p. 5. Plaintiff is in error.

As a preliminary matter, Defendant submits that when, as with the FMLA, a clear line exists between the issues to be decided by the jury (liability) and issues to be decided by the court (entitlement to liquidated damages) it is by no means clear that the court could not simply disregard a jury's factual determination it disagreed with. Thus, in Wallace Motor Sales, Inc. v. American Motors Sales Corp., 780 F.2d 1049, 1063 (1st

Cir. 1985), the First Circuit enforced a decision where under the same facts the jury found for Plaintiff on common law and Dealers Act claims but the judge found for Defendant on a claim under M.G.L. Ch. 93, although the judge had candidly stated "[the plain fact of the matter is that I considered exactly the same evidence that the jury considered during the course of this case, and I have come to exactly the opposite conclusion". The First Circuit noted, "Whether the common law and Dealers Act claims had been proven was for the jury to determine; whether the chapter 93A and B claims had been proven was for the trial judge"].[8] So, too, under the statutory scheme of the FMLA, whether liability attaches is for the jury to determine, whether liquidated damages are appropriate is for the court to determine.

In any event, it is clear that the Court's post-trial conclusion that the Defendant had met its burden of proof *vis a vis* good faith, even if it didn't meet its burden of proof on liability itself, does not, in any manner, contradict the jury's factual determination. Thus, Plaintiff's argument is built on sand, as he incorrectly asserts that "[*b]y finding as it did, the jury determined as a fact that MeadWestvaco's stated reason for firing plaintiff was a pretext and he was actually fired for taking FMLA leave.*" Plaintiff Motion at 3. Such assertion is, respectfully, preposterous. Thus, while originally inclined to treat this matter under the McDonnell Douglas analysis, the court, with Plaintiff's encouragement, ultimately expressly refused to treat this as one to be decided under the McDonnell

[8]A different result might apply, for example, if this involved the court not awarding damages during the period between January 2005 and the judgment. That issue is typically for the jury, but was bifurcated for the convenience of preserving a record for appeal of a pretrial order. Thus, any deviation from the jury's finding of liability would be suspect. Here, however, the issue of whether Defendant has proven "good faith" is for the court, not the jury.

Douglas analysis, and expressly did not submit any issue of pretext to the jury. Over the opposition of the Defendant[9], the court, after initially indicating that it would submit the case using the McDonnell Douglas framework, expressly advised the parties that it had decided that the burden of proving the legitimacy of the discharge by a preponderance of the evidence would be placed on Defendant, and that Plaintiff would not have to prove pretext. Indeed, a review of the jury instructions will reveal that there is not a single reference to "pretext" or anything that could be construed as reflecting any portion of a McDonnell Douglas instruction. Most important, the actual question posed as question No. 1 does not address the issue of pretext in any way, shape, or form. It certainly does not indicate that the burden of proving pretext was on the Plaintiff, as would be the case if pretext was the issue. Rather, the jury was asked to determine if *the employer had met its burden of proving* both the lawfulness of its reason and that the employer would have taken the same action if Plaintiff was not on

[9]Thus, as Defendant informed the court during trial, whether the burden of proof should be placed on the Defendant remains the subject of a conflict between various Circuit Courts. *See, e.g.,* Rice v. Sunrise Express, Inc., 209 F.3d 1008, 1018 (7th Cir. 2000) ("When § 2614(a)(3) is read in this manner, the employee always bears the ultimate burden of establishing the right to the benefit. If the employer wishes to claim that the benefit would not have been available even if the employee had not taken leave, the employer must submit evidence to support that assertion. When that burden of going forward has been met, however, the employee must ultimately convince the trier of fact, by a preponderance of the evidence, that, despite the alternate characterization offered by the employer, the benefit is one that falls within the ambit of § 2614(a)(1); the benefit is one that the employee would have received if leave had not been taken. For instance, if the employer claims that the employee would have been discharged or that the employee's position would have been eliminated even if the employee had not taken the leave, the employee, in order to establish the entitlement protected by § 2614(a)(1), must, in the course of establishing the right, convince the trier of fact that the contrary evidence submitted by the employer is insufficient and that the employee would not have been discharged or his position would not have been eliminated if he had not taken FMLA leave.") *Compare*, Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 963 (10th Cir. 2002) (we cannot agree with the Seventh Circuit's reading of the statute as stated in Rice").

FMLA leave. The jury's response simply demonstrates a conclusion that on one or both of those two facts the evidence did not "tip" in the employer's favor. Such a conclusion by the jury does not demonstrate a rejection of the employer's claims, it only proves that the employer did not convince the jury that those two facts were more likely than not the case. More importantly, it does not, as Plaintiff now claims, demonstrate a jury conclusion of pretext[10], an issue that was never even submitted to the jury. Nor does the finding preclude the possibility of good faith.[11] For all the reasons cited above, the court should reject what is, in essence, a motion for reconsideration of the court's denial

---

[10]Although not relevant here, in light of the actual findings of the jury, Defendant submits that even a finding of pretext by the jury would not preclude a finding of good faith. By the same token, Defendant would admit that if the case involved an actual jury finding that the reason for the termination was a "sham" (rather than simply not proven by a preponderance of the evidence) the issue would be a closer one. That was the issue in Arban v. West Publishing Corp., 345 F.3d 390 (6th Cir. 2003), the case cited by Plaintiff. That case involved, *inter alia*, a claim of a "retaliatory discharge" for exercising rights under the FMLA, which had been presented to the jury. Unlike the instructions in this case, the jury had been instructed on pretext as follows:

> In order to prevail on his retaliation claim, Plaintiff must also prove, by a preponderance of the evidence, that West's stated reason for discharging Plaintiff is not the true reason, but merely a pretext for retaliation, which means that the true reasons for his termination were not the reasons stated by West, but that Plaintiff took a medical leave.

Id. at 408. The court found that the determination of pretext was supported by the evidence, finding that as to the retaliation claim there was "sufficient evidence that supports the jury's findings that West's explanation for Arban's termination was disingenuous, and that the real reason was the taking of the FMLA leave." Id. at 403. It was the jury's findings on that issue that the Circuit found to create a conflict with the court's finding of good faith. Id. at 409. As noted, in this case, the jury was neither charged with the issue of pretext, nor was it included in the jury question. Thus, even if the decision in Arban is correct, which Defendant disputes, the case is inapposite here, where there is no basis for finding that the jury, without any question or instructions to do so, decided the issue of pretext.

[11]Indeed, the Employer's intent was not an issue in determining the issue of liability in a case, involving proscriptive rights. Hodgens v. General Dynamics Corp., 144 F.3d 151, 159 (1st Cir. 1998).

of liquidated damages. The court's balanced findings were fully supported, are not in conflict with a jury finding that the employer had not met its burden of proof on different facts. It should not be reversed.

## III. Prejudgment Interest Is Not Necessary

Unless the court reverses itself and awards liquidated damages, the question of prejudgment interest remains within the court's discretion, subject to review as an abuse of discretion.[12] *See, e.g.*, Hogan v. Bangor and Aroostook R. Co., 61 F.3d 1034, 1038 (1st Cir. 1995) ("Whether prejudgment interest is needed to make a plaintiff whole is within the discretion of the district court, *citing*, Conway v. Electro Switch Corp., 825 F.2d 593, 602 (1st Cir. 1987). *See, also,* Criado v. IBM Corp., 145 F.3d 437, 446 (1st Cir. 1998) ("In her cross-appeal Criado contends that the district court erred by failing to award prejudgment interest and by refusing to order her reinstatement. Both of these decisions are within the district court's discretion, and we review them only for abuse of that discretion.") Similarly, if such interest is awarded, the court has discretion in setting the period and rate covered by such an award. Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 224-225 (1st Cir. 1996) ("As a general rule, federal law governs the scope of remedies available when a claim arises under a federal statute, and this

[12]Prejudgment interest would never be appropriate in addition to liquidated damages. Lupien v. City of Marlborough, 387 F.3d 83, 90 (1st Cir. 2004), *citing*, Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 715-16, 65 S. Ct. 895, 89 L.Ed. 1296 (1945) (declaring that an FLSA plaintiff cannot recover both prejudgment interest and liquidated damages because liquidated damages serve as "compensation for delay in payment of sums due under the Act"). *See, also*, Powers v. Grinnell Corp., 915 F.2d 34, 39 n. 6, 41 (1st Cir. 1990) (noting that the Age Discrimination in Employment Act incorporated the FLSA's remedies and that liquidated damages are meant to compensate for delay in payment).

doctrine extends to the rate of prejudgment interest. . . . We need not tarry. The law confers discretion on the trial judge, not on the court of appeals. In this instance, the judge chose to use the federal statutory rate in computing prejudgment interest.").

One of the purposes of prejudgment interest, when awarded, is to prevent unjust enrichment by the wrongdoer. This rationale is particularly pertinent when the Defendant improperly retains moneys that are due to the Plaintiff, as is the case when benefit moneys are wrongfully denied under ERISA. *See, e.g.,* Sweet v. Consolidated Aluminum Corp., 913 F.2d 268, 270 (6th Cir. 1990); Short v. Central States, Southeast & Southwest Areas Pension Fund, 729 F.2d 567, 576 (8th Cir. 1984). In a case involving backpay however, there is no unjust enrichment since the employer has not retained the wages, but paid them to someone else. Thus, whenever backpay is awarded the employer is effectively paying two employees to perform one job, one who actually performs services for the employer and a second that does not.[13]

Thus, prejudgment interest can only be justified by a need to make the employee whole for his losses. The employer respectfully submits that the current award, which includes reinstatement to his former position and backpay less actual but not possible earnings at another mill, is sufficient to make Plaintiff whole. Thus, the jury, *vis a vis* mitigation, was charged with determining if Defendant had proven that Plaintiff had not made every "reasonable effort" to mitigate damages. In deciding that backpay should not be reduced by what Plaintiff could have earned if he worked at another mill, the jury may have understandably determined that in light of the onerous nature of rotating

[13]Although this is reduced by the interim earnings of the non-working employee.

shifts, where the employee had to constantly change shifts worked, making every "reasonable effort" to mitigate did not include looking for positions in a mill that would require rotating shifts. Indeed, realistically, only such a conclusion by the jury could justify its conclusion in light of the testimony by Plaintiff that he did not seek mill positions because "he had had enough of rotating shifts" and the testimony that nearby mills were, in fact, hiring throughout the backpay period.[14] While such a conclusion could justify the conclusion not to reduce backpay, the court in its discretion *vis a vis* prejudgment interest, can certainly determine that however unpleasant a swing shift may have been, the backpay awarded has already compensated Plaintiff *as if* he had worked a swing shift between September 2002 and December 2004, without his actually having to do so. This, as well as the other record evidence, fully supports a conclusion that the backpay award need not be enhanced by the award of prejudgment interest. Accordingly, such prejudgment interest should be denied.

Respectfully submitted,

/s/ Jay M. Presser, Esq.

Jay M. Presser, Esq.
BBO No. 405760
Counsel for Defendants
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel. (413) 737-4753/Fax (413) 787-1941

Dated: April 19, 2005

[14]Thus, there was testimony that a mill virtually adjacent to Henry's Electric, paying wages comparable to Defendant, hired 43 individuals during the backpay period, and that Plaintiff did not apply for any such position.

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Opposition to Plaintiff's Motion to Amend Judgment* was filed electronically and served upon the attorney of record for each other party electronically on April 19, 2005.

/s/ Jay M. Presser, Esq.