```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS

SPRINGFIELD DIVISION              CIVIL ACTION NO. 03-30310-KPN
```

| | |
|---|---|
| STEVEN A. HALL,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| MEADWESTVACO CORPORATION,<br>    Defendant | )<br>) |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

INSTRUCTION NO. 1

The plaintiff brings this claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 - 2654. The Act was passed to balance the demands on the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity. The Act entitles eligible employees to take up to 12 workweeks of unpaid leave because of a serious health condition that makes the employee unable to perform the functions of his or her position; because of the birth of a son or daughter and to care for the newborn child; for placement with the employee of a son or daughter for adoption or foster care; or to care for the employee's spouse, son, daughter, or parent who has a serious health condition.

29 U.S.C. § 2601-2654; 29 C.F.R. § 825.112.


INSTRUCTION NO. 2

Under the FMLA, the phrase 'serious health condition' is to be construed broadly so as to effectuate the remedial purposes of the Act. It is defined under the Act as a condition involving either inpatient care or continuing treatment.

29 U.S.C. § 2611.
Hodgens v. General Dynamics Corp., 144 F.3d 151 (1st Cir. 1998).

INSTRUCTION NO. 3

Under the FMLA, an employee need only demonstrate that he or she is unable to work in his or her current job due to a serious health condition to qualify for leave under the FMLA.

INSTRUCTION NO. 4

To be entitled to leave under the FMLA, the plaintiff is required prove by appropriate medical evidence that his absence was necessary for the purpose of having his serious medical condition diagnosed and treated. He is not required to prove that his physical condition itself actually incapacitated him, prevented him from working, or that he was too sick to work on a given day.

Hodgens v. General Dynamics Corp., 144 F.3d 151 (1st Cir. 1998).
See Santos v. Shields Health Group, 996 F.Supp. 87, 92 (D.Mass. 1998)

INSTRUCTION NO. 5

In any case in which the employer, MeadWestvaco had reason to doubt the validity of the medical certification(s) provided by Steven Hall's physician, The Family and Medical Leave Act provides that the employer can require, at the expense of the employer, that Steven Hall obtain the opinion of a second health care provider designated or approved by the employer concerning any information certified by the employee's physician.

The Act further provides that in any case in which the second opinion described above differs from the opinion of the employee's physicians certifications, the employer may require, at the expense of the employer, that the employee obtain the opinion of a third health care provider designated or approved jointly by the employer and the employee concerning the information in the employee's medical certification(s).

The opinion of the third health care provider shall be considered to be final and shall be binding on the employer and the employee.


INSTRUCTION NO. 6

The employer may require that the eligible employee obtain subsequent recertification on a reasonable basis.

29 U.S.C. §2613.

INSTRUCTION NO. 7

The taking of leave shall not result in the loss to the employee of any employment benefit accrued prior to the date on which the leave commenced. 29 U.S.C. §2614.

INSTRUCTION NO. 8

It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the Family Medical Leave Act. 29 U.S.C. §2615.

INSTRUCTION NO. 9

Any employer that violates the Family Medical Leave Act shall be liable to the employee for damages equal to the amount of any wages, salary, employment benefits or other compensation denied or lost to such employee by reason of the violation along with the interest on this amount, and an additional amount as liquidated damages equal to the sum referenced above including the interest, unless the employer can prove to the satisfaction of the Court that the act or omission which violated the Family Medical Leave Act was in good faith and that the employer had reasonable grounds for believing that their actions did not violate the Family Medical Leave Act.


INSTRUCTION NO. 10

If you find in favor of plaintiff then you must award plaintiff the amount of any wages, salary, and employment benefits plaintiff would have earned in his employment with defendant if he had not been discharged on September 12, 2002, through the date of your verdict, *minus* the amount of earnings and benefits from other employment actually received by plaintiff during that time.


INSTRUCTION NO. 11

The Court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant. 29 U.S.C. §2617.


INSTRUCTION NO. 12

In order to terminate the plaintiff while on duly certified FMLA leave for violating an existing MeadWestvaco paid medical leave policy, the defendant was required to prove that its actions were based upon reasonably particularized facts and not unsubstantiated beliefs. To the extent the defendant's decision involved the plaintiff's medical condition, medical evidence is required.

> The Plaintiff,
> By his attorney,
>
> _____
> T. Mark Herlihy (BBO #231530)
> HERLIHY, THURSBY, & HERLIHY, LLP
> 133 Federal Street
> Boston, Massachusetts 02110
> (617) 426-6100