UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN A. HALL,                )
        Plaintiff        )
                               )
                               )
    v.                         )  Civil Action No. 03-30310-KPN
                               )
                               )
                               )
                               )
MEADWESTVACO CORPORATION,      )
        Defendant        )

MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S
MOTION TO AMEND JUDGMENT (Document No. 40)
May 18, 2005

NEIMAN, U.S.M.J.

      Presently before the court is Steven A. Hall ("Plaintiff")'s motion pursuant to Fed. R. Civ. P. 52(b) to amend the judgment entered in his favor after trial on April 6, 2005. Plaintiff asks that the monetary judgment -- including $56,390.22 in damages awarded by the jury plus $3,931.61 of additional backpay awarded by the court -- be amended to include prejudgment interest. In addition, Plaintiff seeks an award of liquidated damages notwithstanding the court's prior ruling to the contrary. As might be expected, Meadwestvaco Corporation ("Defendant") opposes Plaintiff's motion. For the reasons which follow, the court will allow the motion, but in part only. It will amend the judgment and award prejudgment interest, as Plaintiff asks, but will again deny Plaintiff's request for liquidated damages.

I. BACKGROUND

      This case proceeded to trial on Plaintiff's claim under the Family and Medical Leave Act ("the FMLA"), 29 U.S.C. § 2601 *et seq*. Just prior to trial, the parties agreed

that the jury would consider liability and the question of damages through December 31, 2004, but that the court itself would decide the question of backpay between January 1, 2005, and the date of the verdict. The parties agreed as well that the court would make all decisions relative to Plaintiff's claims for liquidated damages, reinstatement and front pay.[1]

The jury instructions, to which Plaintiff voiced no objection, set forth the elements of FMLA liability and confirmed that Defendant did not contest the fact that Plaintiff had met all six elements. (Document No. 35 ¶ 20.) The instructions further explained, however, that Plaintiff's right to return to work following his FMLA leave was not absolute and that, for example, he could be discharged for otherwise lawful reasons. (*Id.* ¶ 21.) "Thus," the instructions continued, "an employer can discharge an employee while he is on FMLA leave and deny the employee his restoration rights if it would have acted in the same manner if the employee had not been on FMLA leave." (*Id.*)

This latter instruction was the essence of Defendant's affirmative defense. Accordingly, the special verdict form, to which Plaintiff also voiced no objection, contained only a single question relating to liability (Question 1):

> 1. Has Defendant proven by a preponderance of the evidence that it terminated Plaintiff's employment because it reasonably believed he was violating [its] paid sick leave program and that it would have done so whether or not Plaintiff was on Family and Medical Leave Act ("FMLA") leave?

(Document No. 36.) The remaining questions dealt with the calculation of backpay prior

---

[1] This bifurcated approach provided a convenient way to segregate damages in the event of a successful appeal by Defendant of the court's ruling barring Defendant from raising its unconditional offer of reinstatement (effective January 1, 2005) as a basis for limiting any damage award.

to December 31, 2004, and issues relating to Plaintiff's mitigation of damages.

In answering Question 1, the jury found that Defendant had not proven by a preponderance of the evidence its justification for Plaintiff's termination. It therefore awarded Plaintiff $56,390.22 in damages, which amount represented the wages, salary and employment benefits Plaintiff proved he would have earned from September 12, 2002, the day of his termination, through December 31, 2004, less any earnings and benefits he received from other employment in that time period. The jury also found that Plaintiff had not failed to mitigate his damages.

After the verdict, the court ruled on the three issues submitted for its determination: (1) additional backpay damages from January 1, 2005, through March 31, 2005, the date of the verdict; (2) front pay or reinstatement; and (3) liquidated damages. The court ordered $3,931.61 additional backpay from January 1 through March 31, 2005. It also denied front pay but ordered that Plaintiff be reinstated forthwith. Finally, the court denied Plaintiff's request for liquidated damages, finding that Defendant had carried its burden of demonstrating that it acted in good faith when it terminated Plaintiff and that it had reasonable grounds for believing that doing so would not be violative of the FMLA. In due course, Plaintiff filed the instant motion to amend the judgment and Defendant filed a response.

## II. DISCUSSION

A deliberative error or a mistake in deciding a point of law is properly addressed through Rule 52(b).[2]  However, as the First Circuit Court of Appeals has explained, Rule

---

[2] In full, Rule 52(b) provides as follows:

52(b) "is not intended to allow parties to rehash old arguments already considered and rejected by the trial court." *National Metal Finishing Co. v. BarclaysAmerican / Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990) (citation omitted). Nonetheless, a party may seek an amendment "even if the modified or additional findings in effect reverse the judgment." *Id.* (citation and internal quotation marks omitted).

Here, as described, Plaintiff seeks to amend the court's judgment with respect to (1) its denial of liquidated damages and (2) the absence therein of prejudgment interest. The court will address each claim in turn. For its part, Defendant has not filed any post-trial motions and, reportedly, has complied with the court's order of reinstatement.

A. Liquidated Damages

As both parties recognize, the award of liquidated damages turns on an employer's proof "to the satisfaction of the court" that the employer's violation "was in good faith and that the employer had reasonable grounds for believing that the act or omission was not in violation" of the FMLA. 29 U.S.C. § 2617(a)(1). If the court so finds, it has the discretion to reduce the amount of liability to the damage amount awarded by the jury. *Id.* Thus, unless "good faith" and "reasonableness" are found, liquidated damages must be awarded an aggrieved employee.

---

(b) Amendment. On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings -- or make additional findings -- and may amend the judgment accordingly. The motion may accompany a motion for new trial under Rule 59. When findings of fact are made in actions tried without a jury, the sufficiency of the evidence supporting the findings may be later questioned whether or not in the district court the party raising the question objected to the findings, moved to amend them, or moved for partial findings.

Here, the court made its rulings from the bench after the jury verdict and after hearing arguments from counsel. The court concluded that both parts of Defendant's proof had been met: that it acted in good faith and that it had reasonable grounds for believing that the termination of Plaintiff did not violate the FMLA. The court found that Defendant never questioned Plaintiff's eligibility for FMLA leave and, when terminating Plaintiff, did so on the basis of its *paid sick leave policy* to the exclusion of any consideration of Plaintiff's exercise of his FMLA rights to *unpaid leave*. These findings, the court concluded, were supported by the factual record as a whole.

Plaintiff does not attack the adequacy of the factual record. Rather, Plaintiff asserts that the jury's answer to Question 1 *precluded* any finding by the court of reasonableness or good faith on Defendant's part and conclusively established Plaintiff's entitlement to liquidated damages. For the reasons which follow, the court respectfully disagrees.

As an initial matter, Plaintiff never suggested that special verdict questions be presented to the jury as to whether Defendant had acted in good faith and/or whether Defendant had reasonable grounds for believing that the act of terminating Plaintiff was not a violation of the FMLA. Rather, Plaintiff agreed with Defendant that those questions would be decided by the court. Plaintiff's present argument would reverse that understanding and would remove the question of liquidated damages from the court's purview. The court refuses to engage in that turnabout.

More to the point, and as Plaintiff must recognize, the question of liability under the FMLA is quite distinct from the question of liquidated damages. Indeed, the very structure of the statutory provision demonstrates that the issues of liability and

5

liquidated damages, while related, are distinct. Thus, the FMLA grants the court the power to make the requisite determinations of good faith and reasonableness and, if the employer carries its burden of proof on these obligations, the discretion to deny liquidated damages. Accordingly, the mere fact that liability has been established by a jury does not bar the court from exercising its statutory role with respect to liquidated damages. Indeed, as Defendant points out, it is not uncommon for courts to deny a plaintiff liquidated damages despite a finding of liability in his favor. *See, e.g., Dierlam v. Wesley Jessen Corp.*, 222 F.Supp. 2d 1052, 1057 (N.D. Ill. 2002); *Cavin v. Honda of Am. Mfg., Inc.*, 138 F.Supp. 2d 987, 992 (S.D. Ohio 2001); *Miller v. AT&T*, 83 F.Supp. 2d 700 (S.D. W. Va. 2000), *aff'd*, 250 F.3d 820 (4th Cir. 2001); *Thorson v. Gemini, Inc.*, 96 F.Supp. 2d 882 (N.D. Iowa 1999), *aff'd*, 205 F.3d 370 (8th Cir. 2000); *Estes v. Meridian One Corp.*, 77 F.Supp. 2d 722, 729 (E.D. Va. 1999), *aff'd*, No. 99-2662, 2001 WL 285076 (4th Cir. Mar. 23, 2001); *Barcola v. Interim Healthcare Servs., Inc.*, Nos. 01-1993, 01-1994, 2002 WL 463286, at *1 (3d Cir. Mar. 26, 2002); *Barrilleaux v. Thayer Lodging Group, Inc.*, Civ. No. 97-3252, 1999 U.S. Dist. Lexis 8206, at *22 (E.D. La. May 25, 1999).

This delegation of decision-marking power to the court was made crystal clear by the First Circuit when it addressed similar provisions in the Fair Labor Standards Act ("FLSA"), which language has been tracked in the FMLA. *See* 29 U.S.C. § 260 ("in any action to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act . . ., if the employer shows to the satisfaction of the Court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a

violation of the Fair Labor Standards Act . . ., the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title."). In *McLaughlin v. Hogar San Jose, Inc.*, 865 F.2d 12, 13-14 (1st Cir. 1989), the First Circuit held that the FLSA provision gives the trial court the authority to make an independent judgment regarding liquidated damages.

      Here, too, the jury's answer to Question 1, particularly as that question was posed, had little bearing on the court's obligation to make independent findings with regard to liquidated damages. Granted, there are similarities between that part of Question 1 which asked the jury to determine if Defendant had proven that it "reasonably believed [Plaintiff] was violating [its] paid sick leave program" and that part of the court's liquidated damages inquiry, which asked whether Defendant had proven that it "had reasonable grounds for believing that the [termination] was not in violation" of the FMLA. But the overall result is by no means inconsistent. For example, the jury reasonably could have found that Defendant believed that Plaintiff was violating its paid sick leave policy but would not have fired Plaintiff had he not been on FMLA leave. Similarly, the court could have concluded, as it did, that Defendant's actions in terminating Plaintiff, given the entire record, were entirely divorced from any consideration of Plaintiff's prior FMLA leave. In short, the court's finding that Defendant had proven good faith and reasonableness does not contradict the jury's finding that Defendant did not meet its burden of proof on its affirmative defense.

      Finally, Plaintiff's assertion -- that "[b]y finding as it did, the jury determined as a fact that [Defendant]'s stated reason for firing . . . [P]laintiff was a pretext and that he was actually fired for taking FMLA leave" (Plaintiff's Motion at 3) -- is misplaced.

Although the court, preverdict, was considering treating the case as raising a question of pretext under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny, it declined to do so.  Thus, with Plaintiff's assent, no question regarding pretext was submitted to the jury.  Instead, over Defendant's opposition, the court determined that the burden of proving the legitimacy of the discharge by a preponderance of the evidence would be Defendant's, not Plaintiff's.  Accordingly, there was no reference in the jury instructions or special verdict form to "pretext" or anything that could be construed as invoking *McDonnell Douglas*.  The jury simply was asked to determine if Defendant had adequately supported its justification for terminating Plaintiff and that it would have taken the same action if Plaintiff had not been on FMLA leave.  The jury's finding shows only that the evidence did not tip in Defendant's favor on one or both of these facts.  It neither required nor precluded the possibility of good faith on Defendant's part.[3]

B.  Prejudgment Interest

The question of prejudgment interest can be handled in short order.  Any employer who is found to have violated the FMLA shall be liable, in addition to employment damages, for "interest on [such] amount . . . calculated at the prevailing

---

[3] Of course, if the jury had been asked and found that the reason for Plaintiff's termination was a "sham," the issue might be closer.  That was the situation in *Arban v. West Publ'g Corp.*, 345 F.3d 390 (6th Cir. 2003), a decision now relied upon by Plaintiff. That case involved a claim of a "retaliatory discharge" for the employee's exercising rights under the FMLA.  Unlike the situation here, however, the jury had been instructed on pretext.  *Id.* at 408.  It was the jury's findings on that issue that caused the Sixth Circuit to see a conflict with the court's finding of good faith.  *Id.* at 409.  Here, as described, the question of pretext was never before the jury.  Thus, even if *Arban* was correctly decided, the case is inapposite.

rate." 29 U.S.C. § 2617(a)(1)(A)(ii). Here, as Plaintiff notes, prejudgment interest was not addressed in the court's final judgment.

Defendant concedes that the award of prejudgment interest lies within the court's discretion. *See Hogan v. Bangor & Aroostock R.R.*, 61 F.3d 1034, 1038 (1st Cir. 1995). Nonetheless, Defendant argues, such an award should not be made in the instant matter. One of the purposes of prejudgment interest, Defendant states, is to prevent unjust enrichment by the wrongdoer. This rationale is particularly pertinent, Defendant continues, when an employer improperly retains moneys due an employee, for example, when welfare or pension benefits are wrongfully denied. *See, e.g.*, *Sweet v. Consolidated Aluminum Corp.*, 913 F.2d 268, 270 (6th Cir. 1990); *Short v. Central States, Southeast & Southwest Areas Pension Fund*, 729 F.2d 567, 576 (8th Cir. 1984). However, in a case involving backpay, Defendant asserts, there is no unjust enrichment since the employer has not retained the wages but paid them to someone else. Thus, Defendant concludes, whenever backpay is awarded the employer is effectively paying two employees to perform one job.

Defendant's argument is creative but, in the court's view, unavailing. Whatever the situation is with regard to a "second" employee -- and there was little if any evidence at trial addressing this issue -- it is appropriate here to make *Plaintiff* whole and to award prejudgment interest. Defendant's further argument regarding mitigation, *i.e.*, that the court in its discretion could determine that backpay awarded by the jury has already compensated Plaintiff *as if* he had worked a swing shift between September of 2002 and December of 2004, facts peculiar to this case, is simply replowing barren ground. In the end, therefore, the court will exercise its discretion and, as requested by

Plaintiff, award prejudgment interest. *See also Hite v. Vermeer Mfg. Co.*, 361 F.Supp. 2d 935, 948 (S.D. Iowa 2005) (opining that FMLA prejudgment interest is mandatory).[4]

Both the FMLA and the parties, however, are silent as to what should be considered the "prevailing rate" of interest. "Courts use various sources for determining an appropriate prejudgment interest rate, such as the prime rate, the statutory post-judgment interest rate, or the state statutory rate." *Hite*, 361 F.Supp. 2d at 949 (citations omitted). As Defendant concedes, however, the decision of which rate to use is committed to the court's broad discretion. *See Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 224-25 (1st Cir. 1996); *Conway v. Electro Switch Corp.*, 825 F.2d 593, 602 (1st Cir. 1987). Here, the court finds the state statutory rate of 12.0%, which litigants in Massachusetts invariably expect to pay, calculated from the date of the commencement of the action, *see* Mass. Gen. L. ch. 231, § 6B, to be most appropriate. *See Hite*, 361 F.Supp. 2d at 949 (applying state interest rate to FMLA action).

### III.  CONCLUSION

For the reasons stated, Plaintiff's motion is allowed in part and denied in part. The clerk shall calculate prejudgment interest at the rate of 12.0% on the monetary award from December 24, 2003, to April 6, 2005.

IT IS SO ORDERED.

---

[4] Defendant also argues that prejudgment interest has been deemed inappropriate in actions under the FLSA and the Age Discrimination in Employment Act when liquidated damages are awarded. *See e.g., Lupien v. City of Marlborough*, 387 F.3d 83, 90 (1st Cir. 2004) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 715-16 (1945), and *Powers v. Grinnell Corp.*, 915 F.2d 34, 39 n.6, 41 (1st Cir. 1990)). The court need not address whether these decisions apply to the FMLA because, as indicated, no liquidated damages have been awarded.

DATED: May 18, 2005

                                                    /s/ Kenneth P. Neiman
                                                   KENNETH P. NEIMAN
                                                   U.S. Magistrate Judge